**Cager ADAMS (Employee), Appellant,**

v.

**KOSS CONSTRUCTION COMPANY (Employer), and Central Surety and Insurance Corporation (Insurer), Respondents.**

**No. 22740.**

Kansas City Court of Appeals.

Missouri.

March 3, 1958.

Morris Dubiner, Robert E. Gregg, Frederick E. Lewis and Dubiner, Gregg & Lewis, Kansas City, for appellant.

Samuel J. Molby, Vincent E. Rawson, Kansas City, for respondents.

BROADDUS, Presiding Judge.

This is an action for Workmen's Compensation. On July 13, 1953, employee, Cager Adams, filed with the Division of Workmen's Compensation a claim against his employer, Koss Construction Company. In this claim Adams alleged that while working for his employer at the Grandview Air Force Base at Grandview, Missouri, on May 29, 1953, he was thrown down against hard surfaces, caused by the "sudden movement of a large hose between a water truck and a concrete mixer, the water truck to which one end of the hose was attached, having suddenly moved." The claim listed the parts of the body injured as "head, back, hips, left leg, and other injuries." The employer filed an answer, admitting the accident, but denying that employee sustained any injury except to his left knee. A hearing was had before the Referee.

As a result of that hearing the Referee on February 9, 1955, made an award to employee on the basis that employee had sustained an accident arising out of and in the course of his employment and as a result thereof had sustained general bodily injuries, resulting in 20% permanent partial disability of the body "as a whole," or $30 per week for 80 weeks less $120 previously paid.

Employer applied for a review of the Referee's award by the Industrial Commission. A review was granted. On May 9, 1956, the Commission modified the Referee's findings and entered an award for employee based upon 10% permanent partial disability "of the left leg at the knee," or $30 per week for 16 weeks less $120 previously paid. From this finding of the Commission employee—Adams appealed to the Circuit Court of Jackson County, which court, on July 23, 1957, affirmed the award of the Commission. Employee has perfected his appeal to this court.

The employee-appellant contends that the circuit court erred in affirming the award of the Industrial Commission for the reason that the award was not supported by competent and substantial evidence on the whole record, but was against the overwhelming weight of the evidence.

The evidence is undisputed that on May 29, 1953 Adams was working for his employer as a hose tender at the Grandview Air Force Base. The job consisted of laying concrete runways at the Air Force Base. Adams' duties were to aid in the transfer of water from various water trucks to a large concrete mixer. There was a large hose about 40 or 50 feet long attached to the mixer. It was Adams' duty to fasten this hose to the water truck and when the truck was emptied to disconnect the hose. At the time of the accident, one of the water trucks had brought a load of water to the mixer and, after emptying its load, the truck driver started the truck and drove away with the hose still attached. As a result the hose became taut and broke loose from the mixer and struck a man by the name of Barnes in the face severely injuring him. Adams claims the hose also struck him, throwing him to the ground and causing him to lose consciousness. Respondent-employer's evidence was to the effect that the hose did not strike appellant Adams, but that he was required to jump over it and in so doing did sustain some straining injury to his left knee.

■■ The law is now well settled that the reviewing court may not substitute its own judgment on the evidence for that of the Commission; but the court is authorized to decide whether the Commission could have reasonably made its findings and reached its result, upon consideration of all of the evidence before it; and to set aside decisions only when they are clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55. And it is also well-settled that the reviewing court must view the evidence in the light most favorable to the findings and award of the Commission. Spradling v. International Shoe Co., 364 Mo. 938, 270 S.W.2d 28, 30.

Respondent's concrete superintendent, Harold Beason, testified that at the time of the accident he was standing behind one of the mixers—the one on the left-hand side of the lane; that at the time Barnes was struck by the hose he saw appellant Adams standing about 20 feet from the mixer; that he talked to Adams "and asked him what happened, and he said, 'I don't know'. I said, 'Are you hurt'? and he said 'No.' He was on his feet at all times. He was not unconscious at the time." "Q. Did you ask Mr. Adams whether or not he was hurt? A. Yes, I did. He said he was not. Said he stepped over the hose."

Respondent's general superintendent, John Beuerlein, testified that he saw appellant Adams shortly after the accident; that he did not "notice anything out of the way about Mr. Adams' appearance"; that

Adams continued to work, and at that time made no complaint about having sustained any injury; that later that day, about five o'clock and after the work had "shut down * * * Adams came to me with a little limp and I said, 'what is the matter, Adams, you are limping'? He said, 'I think I sprung my leg stepping over the hose'. I said, 'Well, we will have to see about that.' I said, 'you think you ought to go to a doctor?' He said, 'I don't know.' So I said, 'I think you should', so we gave him a little note to take to Dr. Hoeper at Grandview to be examined * * *"; that at that time Adams made no "complaints about any other part of his body—nothing at all except his leg."

Dr. Hoeper testified that he first saw appellant June 1, 1953; that Adams gave a history of the case saying that the hose from the truck to the concrete mixer tripped him and "hurt his left knee"; that "he complained to me about his left knee." Dr. Hoeper examined the knee and found it "to be swollen, stiff from the swelling, fluid in the knee joint, and my diagnosis was a strain of the medial ligaments of the left knee with a bursitis." Dr. Hoeper made an X-ray examination of the left knee. It revealed no evidence of fracture or dislocation. The witness also saw appellant on June 3rd, 5th, 8th, 15th, 16th, 19th, 23rd, 26th and 29th, 1953. On the last date "he (Adams) stated he had no complaints. He was dismissed." Dr. Hoeper further testified at no time during the period in which he was treating appellant did appellant "make any complaint about any part of his body except his left knee."

█ From the above it is clear that the finding of the Commission that appellant's disability was "of the left leg at the knee" is supported by substantial evidence. And an examination of the entire record discloses no basis for a holding by us that the Commission's award is "clearly contrary to the overwhelming weight of the evidence." The judgment should be, and is, affirmed.

All concur.