Before STATE INDUSTRIAL BOARD, Respondent.

DAVID MARKOWITZ, Respondent, *v.* NATIONAL HEADWEAR COMPANY and Another, Appellants.

Third Department, July 1, 1925.

Workmen's compensation — injury arising out of and in course of employment — claimant was sent on errand outside plant — claimant left direct route, crossed street to purchase cigarettes and accident happened while he was recrossing street — injury did not arise out of and in course of claimant's employment.

The claimant, who was an inside worker, did not receive an injury arising out of and in the course of his employment, since it appears that at the noon hour he was specially sent on an errand outside the plant; that in going from his

employer's plant to the place where the errand was to be performed, he left the direct route, crossed the street for the purpose of purchasing a package of cigarettes and was injured while recrossing the street.

APPEAL by National Headwear Company and another from an award of the State Industrial Board, made on the 3d day of January, 1924, and also from an award made on the 30th day of June, 1924, with notice of application to consolidate the two appeals.

*William H. Hotchkiss*, for the appellants.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

The question involved is whether the claimant was in the course of his employment at the time of his accidental injury. The finding of the State Industrial Board is that " while on his way to Bond street to secure boxes for his employer, and pursuant to the instructions of his employer, he was struck by a motorcycle at Bowery and Third street, New York city and thereupon sustained injuries," etc. The place of business of the employer was at 529 West Broadway, New York city. The claimant was an inside worker as a machine operator but at the noon hour had been specially sent on this errand. He says he left his employer's plant at a quarter or twenty minutes to twelve and that the accident happened at " twelve o'clock or a few minutes after or before." A map of the city was received in evidence, upon which were marked the various locations of the employer's place of business, of 50 Bond street where claimant was to secure the boxes, of the place of the accident and of claimant's home which was near the corner of Second avenue and East Fourth street. It is the theory of the appellants that the accident occurred about one o'clock and that claimant had gone home to his lunch and was returning on the west side of the Bowery at Third street when he crossed to the east side of the Bowery to get cigarettes at a tobacco stand and was returning to the west side of the Bowery when he was struck. The claimant denies that he had been home to lunch and insists that the accident happened within about twenty minutes after he left the plant of his employer. No detailed findings as to time or course taken are made by the Board. The undisputed facts, however, are that just before the accident claimant was on the west side of the Bowery; that he crossed the Bowery for the sole purpose of getting cigarettes and that in order to get to 50 Bond street to secure the boxes, which claimant testified he was about to do, it was necessary to return to the west side of the Bowery. To the extent at least of crossing and recrossing the Bowery he left the route

necessary to be taken to carry out the mission of his employer and converted his route into one solely for his personal comfort and purposes.  Moreover, the map and other evidence show that if he was not returning from his home at the time he crossed the Bowery to get cigarettes he was, at that time, off his route from the plant to 50 Bond street, where he was to transact business for his employer.   If he intended to go from the plant of his employer to 50 Bond street before going to lunch, he had either gone beyond his destination or had taken a circuitous route which he has not shown to have been reasonably necessary in the accomplishment of his errand.   The proofs thus show that, even if he was struck and injured at a time when he had turned his attention to his employer's errand, he was not at a place to which he was reasonably called by his employment.  He was returning to the path of duty, temporarily abandoned by him, from a journey not shown to have been in the interest of his employer and in addition was, at the particular time, recrossing the Bowery which he had crossed for purposes concededly all his own.   In either event the claimant has failed to show that he was at the time in the course of his employment but was serving purely his own personal ends.   The proofs do not show that his injury flowed from his employment as a natural consequence.   This case is clearly distinguishable from *Sztorc* v. *Stansbury, Inc.* (189 App. Div. 388), where the employee momentarily stopped the truck on which he was working and, not having eaten anything from morning until four P. M., he left the truck and was injured while getting a bit of food reasonably necessary for the continuance of his work, which he intended to carry back and eat on the truck.   It is also distinguishable from the case of *Springer* v. *North* (205 App. Div. 754), where the employee was driving a horse-drawn vehicle for his employer and stopped momentarily at a store to purchase tobacco and while reaching for the tobacco as it was being handed to him the horses started, throwing him to the ground.   There are reasonable limits of time and place within which an employee may satisfy the needs of his body in the use of food, drink and even tobacco and still remain in the course of his employment while so doing. It is reasonably incidental to his work when he eats his lunch at the plant or momentarily stops his work to quench his thirst or to fill or light his pipe or to take a " chew " of tobacco. Customary working conditions and common sense sustain such a view.   The same is true of the employee who is at work away from the plant, provided the circumstances warrant the conviction that ordinary working conditions justify the act as reasonably incidental to the work and naturally flowing from it.   Such was

true in the *Sztorc* and *Springer Cases* (*supra*). In the present case the claimant was not in line of duty at the time. He was not at the place of the accident as a natural or reasonable consequence of his employment. It was not his errand that brought him there in any material sense but a purpose purely his own. It was not reasonably incidental to the carrying out of the special mission assigned to him by his employer but was a distinct departure from it.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.