MAE E. DEMOSS, RESPONDENT, v. EVENS & HOWARD FIRE BRICK COMPANY, A CORPORATION, EMPLOYER, AND UNITED STATES CASUALTY CO., A CORPORATION, INSURER, APPELLANTS.—37 S. W. (2d) 961.

St. Louis Court of Appeals. Opinion filed April 28, 1931.

*Watts & Gentry* and *Arnot L. Sheppard* for appellants.

*Abbot, Fauntleroy, Cullen & Edwards* for respondent.

476

HAID, P. J.—This is an appeal from a judgment of the circuit court affirming an award of the Workmen's Compensation Com-

mission in favor of the widow of Louis DeMoss who had been an employee of Evens & Howard Fire Brick Company.

The only question involved is whether the evidence is sufficient to support the finding of the commission, that the injury the employee received and which caused his death arose out of and in the course of his employment.

Claimant endeavored to have introduced testimony of the deceased's statement as to the circumstances of the injury, but, upon objection, such testimony was excluded. So far as the record discloses, there was no witness to the accident, and, therefore, there is no direct proof to support the finding of the commission.

The evidence upon which the finding was based may be summarized in this way: Deceased left his home on the morning of February 25, 1929; he stopped at his son's home and at that time did not appear to have any injury; during that morning while at his place of employment, sometime before noon, a fellow-workman observed that deceased had the middle finger on his right hand wrapped up; on his way home at lunch the deceased again stopped at his son's home and the latter observed the deceased's wrapped finger, and when he reached home, the wife and daughter of the deceased observed mercurochrome on the finger of the deceased. The fellow workman of the deceased also testified that there was a box of broken glass about six feet from the work bench of the deceased but he had not observed the deceased using that box at anytime or go to it or near it. The foreman under whom the deceased worked testified that the deceased did not report to him that he had suffered any kind of accident; that there was a box of glass on the floor about six feet from the desk of the deceased which had been there for a number of days and which the deceased had asked the foreman to remove; it was the duty of the deceased to cut such glass in certain sizes and he had worked on it some two or three weeks previous to the date of the injury; that the deceased did not work on it on the morning of the injury but was working on wheelbarrows; that when deceased spoke to him about moving the glass he told deceased that when they finished with the job the box would be put away; that he did not give deceased any job on the glass on the day of his injury but that deceased was working on wheelbarrows. About 8:30 on the evening following the injury, deceased suffered a chill and on the morning of the 28th his case was diagnosed as blood poisoning by the attending physician and on March 1 he was sent to the hospital where he died ten days thereafter.

Was the evidence sufficient to warrant the finding of the commission? If it was, such finding like the verdict of a jury, is binding on this court and in the same way becomes the basis for a court judgment. [Hager v. Pulitzer Publishing Co. (Mo. App.), 17 S. W. (2d) 579; Woods v. American C. & I. Co. (Mo. App.), 25 S. W. (2d)

144; Brewer v. Ash Grove L. & P. C. Co. (Mo. App.), 25 S. W. (2d) 1. c. 1091; Rolens v. Keller Const. Co. (M,o. App.), 24 S. W. (2d) 1. c. 1079; Miller v. St. Joseph Transfer Co. (Mb. App.), 32 S. W. (2d) 1. c. 450; Bricker v. Gille Mfg. Co. (Mo. App.), 35 S. W; (2d) 1. c. 664.]

In considering the question whether the evidence sustains the findings made by the commission, we must view the evidence in the light most favorable to support the same, provided, of course, that the evidence in support thereof is competent. [Woods v. American C. & I. Co. (Mo. App.), 25 S. W. (2d) 144 and cases cited; Bricker v. Gille Mfg. Co. (Mo. App.), 35 S. W. (2d) 664.]

In the present case, as will be observed from the statement of facts, there is direct evidence sufficient to sustain the finding so far as it relates to the occurrence of the accident in the course of the employment, but it is circumstantial only as it relates to that part of the finding that the accident arose out of his employment; but that does not militate against the finding in the absence of evidence to the contrary (Vulcan Detinning Co. v. Indus. Com., 295 Ill. 1. c. 147; Sparks Milling Co. v. Indus. Com., 293 Ill. 1. c. 354; Tenn. Chem. Co. v. Smith, 145 Tenn. 1. c. 536) if such evidence has a sufficient basis to warrant the inference.

We have held that the fact that an employee was on the premises during his regular working hours, and was injured, will of itself form, no basis for the presumption that the accident arose out of and in the course of his employment. [Smith v. Levis-Zukoski Merc. Co. (Mo. App.), 14 S. W. (2d) 1. c. 473; Stone v. Blackmer Post Pipe Co. (Mo. App.), 27 S. W. (2d) 1. c. 460.]

In each of those cases, there was positive evidence to overcome any legitimate inference that the injury sustained arose out of the employment by reason of the presence of the employee at his place of employment and his injury there, but this was not the basis of the statement in those cases. It seems quite obvious that the mere presence of the employee at his place of employment, under our statute, cannot of itself form the basis of the presumption stated, because to so hold would cast the burden where it does not belong. Undoubtedly cases have and probably will arise, where the circumstances are such that their disclosure and a showing of the employee's presence there at the time may be sufficient to warrant the finding of an award.

But the present is not such a case. The evidence here shows only that the deceased was a carpenter and was working at wheelbarrows, but there is no evidence whether these were of wood or metal construction, and no evidence that there was anything about them that might cause such an injury. There is evidence also that some distance away was a box of broken glass that some weeks previously the

employee was cutting into certain sizes, but the evidence is that he was not working with it on the day of the injury.

It is, therefore, a matter of pure speculation as to how he received the injury. It may have been caused by a pin or other substance about his person, and wholly disconnected with his employment. If the latter, the employer would not be liable for compensation, therefore, the necessity of producing evidence showing the fact of liability, or, in a proper case, the showing of such circumstances as will warrant the conclusion that the injury arose out of and in the course of employment. That is to say, a casual connection must exist between the conditions under which the employee's work is required to be done, and the resulting injury. [Smith v. Levis-Zukoski Merc. Co. (Mo. App.), 14 S. W. (2d) l. c. 472; Brewer v. Ash Grove L. & P. C. Co. (Mo. App.), 25 S. W. (2d) l. c. 1089; Westman's case (Me.), 106 Atl. 1. c. 537.

We have examined all of the cases cited by the claimant and we find in none of them the expression of views contrary to those expressed herein.

In view of the fact that there exists a hiatus in the proof that the claimant may be able to supply, the judgment of the circuit court affirming the award of the commission must be reversed, and the cause remanded to the circuit court, with directions to set aside the award of the commission and to remand the cause to the commission for further proceedings not inconsistent with the views expressed in this opinion. It is so ordered. *Becker* and *Nipper, JJ.,* concur.