**Dolly B. JONES, Employee-Respondent,**

**v.**

**The BENDIX CORPORATION, Employer-Appellant,**

**and**

**The Fidelity and Casualty Company of New York, Insurer-Appellant.**

No. 24469.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

Donald G. Stubbs, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for appellant.

Terence L. Connaughton, Kansas City, for respondent.

WILLIAM M. KIMBERLIN, Special Judge.

This is a workmen's compensation case. It is an appeal by the employer, Bendix Corporation, from a judgment of the Circuit Court of Jackson County, Missouri, affirming the final award of the Industrial Commission in favor of the employee, Dolly B. Jones, in the amount of $2,550.00, plus

six per cent interest on any past due compensation from August 1, 1965.

The salient facts are that claimant, Dolly B. Jones, was a regular employee of the Bendix Corporation and had been for quite some period of time; that she lived at Buckner, Missouri and drove back and forth to work from her place of residence to the corporation plant in the southern part of Kansas City, Missouri; that she was to begin work in the mornings at 7:00 A.M.; that the gate to the plant opened at 6:30 in the morning. On the morning of July 31st, 1964, she left her home at approximately 5:40 A.M. and arrived at the plant between 6:30 and 6:40 A.M. She walked into the plant, then to her locker room, then to the ladies restroom, combed her hair, and then went into the cafeteria to drink coffee. She had a regular table where she drank coffee in the cafeteria and on this particular morning went in and sat down at the table. She picked up her cup to take a drink of coffee and as she set the cup down the chair on which she was seated broke and she fell to the floor and was injured, primarily in her left leg and lower back. Someone got her another chair and she sat down and took another drink of coffee and then left and went upstairs. This incident occurred between 6:45 and 6:50 A.M. She went to her department and told the foreman of being injured and he sent her to first aid. She then went to see a nurse at some time between 7:20 and 7:30 A.M. The nurse then sent her to a medical doctor who saw her shortly after 8:00 A.M.

The cafeteria was located inside the plant area and was operated by company employees. It was the only available place to obtain food and drink within the area. The employer advertised the availability of these cafeteria facilities to the employees. Claimant introduced testimony of a psychologist who in substance testified that the availability of these facilities, where the employees could eat and drink, which the management had provided for that purpose, had a beneficial effect on the employees in that it enabled them to do better work and increased their efficiency.

The employer, Bendix Corporation, admitted plaintiff was injured on July 31st, 1964, and makes no issue on appeal as to the amount of the compensation awarded. Hence no further statement of the facts is necessary. The sole issue raised on appeal by the employer is that the accident did not arise out of and in the course of the claimant's employment, in that: (a) the accident occurred prior to the claimant's working hours; (b) the risk of harm involved was not related to claimant's employment and (c) the accident arose out of a purely social activity of the claimant.

The question whether or not a particular accident falls within the phrase "arising out of and in the course of the employment" within the meaning and intent of the Workmen's Compensation Act many times is a delicate and troublesome one. It has been written many times in appellate court opinions that each case involving the question must be determined upon its own particular facts and circumstances, since no two cases are cast in the same factual mold.

The statutory law of this state, Section 287.800, R.S.Mo.1959, V.A.M.S., states that the Workmen's Compensation Law should be liberally construed with a view to the public welfare, but as was held in Johnson v. Simpson Oil Company, Mo.App., 394 S. W.2d 91, this, "neither impinges upon the function and right of the Industrial Commission, as trier of the facts, to draw from the evidence such inferences as may be fairly and reasonably permissible * * * nor authorizes allowance of a claim lacking an essential element required by law."

No case directly in point resolving this issue has been cited by counsel for the employer or employee, nor has independent research revealed any. Consequently, this court must analyze the factual situation and resort to well established rules of law in determining this knotty issue. Our essential function was stated in Blair v. Ar-

mour and Company, Mo.App., 306 S.W.2d 84, as follows: "We review the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the commission, and then determine whether the commission's findings, if supported by competent and substantial evidence, are contrary to the overwhelming weight of the evidence."

This court in Blair v. Armour and Company, supra, approved the following rule.

"In Larson's Workmen's Compensation Law, Vol. 1, Sec. 21.60, the general rule is announced that 'The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incident acts, * * *. The rule is not limited to activities that are absolutely necessary; it is sufficient if they can be said to be reasonably incidental to the work.'"

In the case of Daniels v. Krey Packing Company, Mo., 346 S.W.2d 78, the Supreme Court of this state made the following pronouncement:

"The term 'arising * * * in the course of his employment', as used in the Act, does not require that the employee be directly engaged in the task with which he is primarily charged. It is only necessary to establish that the task in which the employee was engaged, and as a result of which he was injured, was incident to the conditions of his work or that he was injured in doing an act reasonably incidental to the performance of his duties, of which his employer might reasonably have knowledge or reasonably anticipate. Ricketts v. Story Laundry & Dry Cleaning Co., Mo.App., 155 S.W.2d 536, 539; Jackson v. Euclid-Pine Investment Co., 223 Mo.App. 805, 22 S.W.2d 849, 851. A case illustrative of these principles is that of Blair v. Armour & Company, Mo.App., 306 S.W.2d 84."

The first contention made by the employer in opposition to the claim is that the accident occurred prior to claimant's working hours, and for that reason is not compensable. This is not determinative of the issue as we must conclude from a study of the rules above announced. It is only necessary to establish that the claimant was injured while engaged at a task reasonably incidental to the performance of her duty, of which the employer might reasonably have knowledge or might reasonably anticipate. It is true the findings of the referee and the Industrial Commission are silent as to the exact time of the occurrence. The testimony established the time somewhere between 6:45 and 6:50 A.M. The claimant was to punch the clock and begin work at 7:00 A.M.

It is our view that the drinking of coffee by the employee in the morning immediately prior to embarking on her duties was reasonably incident to her work and that the employer might reasonably have known of or have anticipated such action. As to whether she was drinking coffee at 6:45 or 6:50 A.M. is of no moment. This point is without merit. The case of Dunnaway v. Stone & Webster Engineering Corporation, 227 Mo.App. 1211, 61 S.W.2d 398, cited by counsel for the employer, where the claimant fell off a barge into the water and drowned while fishing during the noon hour, is not in point and is of no aid to the employer. Likewise, the principle announced in DeMoss v. Evens & Howard Fire Brick Company, 225 Mo.App. 473, 37 S.W.2d 961, has no persuasive effect.

The second point made by the employer, that the risk of harm involved was not related to claimant's employment, is likewise without merit. Employer's counsel presented no supportive argument thereon.

The employer's third point, that the accident arose out of purely social activity, requires more comment. The employer advances the argument that the claimant was doing something which was solely for her own personal or social benefit and that the

drinking of coffee had no connection with her work. A case bearing materially on the determination of this issue is Thompson v. Otis Elevator Company, Mo.App., 324 S.W. 2d 755. Briefly, the facts were that a fe male employee was injured in the ladies lounge during the noon hour. Preparatory to applying cosmetics to her face she reached across a table to get her purse prior to sitting down in a chair. She stepped back to sit down in the chair which she had previously seen to be in an appropriate position, but in the meantime another employee, without claimant's knowledge, had removed the chair and claimant fell to the floor and was injured. The court held the injury to be compensable. The rationale of the ruling was stated by the court as follows, l. c. 758:

"The prevailing rule, as stated in 99 C.J.S. Workmen's Compensation, § 220, p. 722, is this: 'Acts necessary to the life, comfort, or convenience of an employee while at work are incidental to the service and an injury occurring while in the performance of such acts may be compensable.' Further reference to that section shows the general rule to be that employees who minister to their personal comfort, within the time and space limitations of their employment, do not thereby necessarily leave the course of their employment. This rule is therein shown to cover such acts as satisfying thirst, seeking warmth, shelter or fresh air, heeding a call of nature, washing, resting or sleeping, using tobacco, and preparing to begin or quit work. Our courts have followed this principle."

\*   \*   \*   \*   \*   \*

"A pause by an employee within reasonable limits of time and place to satisfy the needs of the body for food or drink, or even for refreshment, may well be considered as reasonably incidental to his work. Compare Markowitz v. National Headwear Co., 213 App.Div. 461, 210 N.Y.S. 673. See also 71 C.J. Workmen's Compensation Acts, § 413, pp. 671–2."

In the instant case claimant introduced the testimony of a psychologist to the effect that the providing of a cafeteria where the employees could have coffee has a beneficial psychological effect upon them; that it gives the impression the management is interested in the employees; that it puts them in a better frame of mind and results in their doing better work for the company. The claimant testified that drinking coffee in the morning tended to pep her up and to enable her to do better work. It should be emphasized the evidence showed that the cafeteria was provided by Bendix for the convenience and comfort of the employees; that there was no other place available in the locality where the employees could obtain food or drink; that it was not open to the public generally, but only to those having a legitimate reason for being on the premises; and, that it was advertised by the management to the employees as serving good meals at reasonable prices. It is obvious that the cafeteria was provided for the mutual benefit of the company and the employees, that its use by the employees was encouraged by the employer, that when claimant availed herself of the facilities so provided by seating herself and drinking coffee, she was acting both for her own benefit and that of her employer, and that those acts were reasonably incidental to commencement of her work.

It is our view, from the standpoint of mutual benefits, that this is a stronger case for holding the injury compensable than is the cosmetic case, Thompson, supra. Here claimant was satisfying her physical needs immediately prior to beginning work, as distinguished from beautification in the cosmetic case. The evidence fails to establish claimant was injured as a result of engaging in a purely social activity and this argument is ruled against the employer. See Conklin v. Kansas City Public Service Co., 226 Mo.App. 309, 41 S.W.2d 608.

The court has read the cases from other jurisdictions cited by counsel for the em-

ployer and finds them not in point and not persuasive on the issues here presented.

We rule that the commission's findings, inclusive of the finding that claimant sustained an accident arising out of and in the course of her employment, and the resulting award, are adequately supported by competent and substantial evidence, are not contrary to the overwhelming weight of the evidence and are in accordance with a sound interpretation and proper application of the law. The judgment of the circuit court affirming the award of the commission is affirmed.

All concur.