Mildred YAFFE, Appellant,

v.

ST. LOUIS CHILDREN'S HOSPITAL, Respondent.

No. 45517.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 7, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied March 17, 1983.

Bruce P. Robert, Clayton, for appellant.

Edward S. Meyer, St. Louis, for respondent.

1. Though a volunteer, appellant is considered to be an employee under the Workers' Compensation Act.

CRANDALL, Presiding Judge.

Mildred Yaffe appeals from the trial court's order sustaining St. Louis Children's Hospital's motion for summary judgment.

The facts are undisputed. Appellant is a volunteer worker in the gift shop of St. Louis Children's Hospital. On the day of her injury, appellant completed her shift and went to the hospital coffee shop for something to eat before returning to her home. While in the coffee shop, she slipped and fell. The coffee shop was on respondent's premises and open to the public. As a volunteer, appellant was allowed a 20 percent discount on items purchased at the coffee shop.

After her fall appellant filed a petition claiming common law negligence by the hospital. Respondent filed a motion for summary judgment, which was sustained by the trial court. We affirm.

The issue presented is whether appellant's injuries arose "out of and in the course of" her employment,[1] § 287.120, RSMo (1978), thereby barring her common lawsuit against respondent. Both parties agree that proceeding by motion for summary judgment was proper in this case because there were no issues of fact presented. *Lampkin v. Harzfeld's*, 407 S.W.2d 894, 896 (Mo.1966).

The terms "out of" and "in the course of" are not synonymous. They are separate tests for compensability, and both must be satisfied for the claimant's injury to come within the purview of the Workers' Compensation Act, § 287.010 *et seq.*, RSMo (1978). *Fingers v. Mount Tabor United Church of Christ*, 439 S.W.2d 241, 243 (Mo. App.1969). To satisfy the requirement that the employee's injury occurred "in the course of" her employment, it is only necessary to prove that the injury occurred within the period of employment at a place where the employee may reasonably be, while she is engaged in the furtherance of the employer's business, or in some activity incidental thereto. *See Begey v. Park Hill* pensation Act. *Orphant v. St. Louis State Hospital*, 441 S.W.2d 355, 360 (Mo.1969).

*Trucking Co.,* 546 S.W.2d 529, 531 (Mo.App. 1977); A. Larson, 1 the Law of Workmen's Compensation § 14 (1978). An employee's injury occurs in the course of employment if the injury is the result of an activity which is reasonably incidental to the conditions or performance of her work and the employer could have reasonably anticipated it. *Jones v. Bendix Corp.,* 407 S.W.2d 650, 652 (Mo.App.1966). In determining whether or not the injury arose in the course of employment, the focus is on the mutual benefit to the employer and employee of the activity in which the employee was involved when injured. *See Thompson v. Otis Elevator Co.,* 324 S.W.2d 755, 758 (Mo.App. 1959). Activities within reasonable limits of time and place, for the comfort or convenience of the employee, are considered incidental to employment because they benefit the employee and thereby indirectly benefit the employer. Therefore, injuries which occur during these incidental activities are held to have been in the course of employment. *See Jones v. Bendix Corp.,* 407 S.W.2d at 653; *Thompson v. Otis Elevator Co.,* 324 S.W.2d at 759.

■ The benefits to appellant in using the coffee shop facilities are obvious. The coffee shop was on the respondent's premises and therefore convenient for use by the employees. In addition, items purchased at the shop were discounted 20 percent for employees. The respondent also reaped a benefit from the appellant's use of the coffee shop, namely, appellant's continued service as a volunteer. Appellant was paid no wages. Her only remuneration was the 20 percent discount on purchases made in the coffee shop, 50 percent discount on purchases made in the pharmacy and $1.00 a day for parking. In light of the minimal pecuniary benefits received as a volunteer to the hospital, it is reasonable to assume that the number of persons willing to serve was limited. It was therefore to the employer's benefit for volunteers to take advantage of whatever pecuniary advantages were offered. *See Blattner v. Loyal Order of Moose, Moose Club Lodge No. 1400,* 264 Minn. 79, 117 N.W.2d 570, 573 (Minn.1962).

Appellant attaches great importance to the fact that her injury occurred after her shift rather than before it and that she would not be returning to work after the completion of the shift for two weeks. While these facts may make the benefit to the employer from the appellant's patronage of the coffee shop more attenuated, they do not render the benefit nonexistent. The benefits derived by the employer need not be tangible nor great for the accident to be held compensable. *Thompson v. Otis Elevator Co.,* 324 S.W.2d at 758; *see, e.g., Wamhoff v. Wagner Electric Corp.,* 354 Mo. 711, 190 S.W.2d 915, 919 (1946). Furthermore, an employee has a reasonable length of time after the actual hours of her employment in which to prepare herself for leaving the employer's premises. These activities may include having a meal on the employer's premises at the end of the working hours. *Nicholson v. Industrial Comm'n,* 76 Ariz. 105, 259 P.2d 547, 550–51 (Ariz. 1953).

An injury is said to arise out of the employment if (1) the injury results from a " 'natural and reasonable incident' of the employment, a 'rational consequence of some hazard connected therewith' or a risk reasonably 'inherent in the particular conditions of the employment,' and (2) if the injury is the result of a risk 'peculiar to the employment' or enhanced thereby." *Gregory v. Lewis Sales Co.,* 348 S.W.2d 743, 747 (Mo.App.1961). The emphasis here is on the cause of the injury. *Gregory v. Lewis Sales Co.,* 348 S.W.2d at 745.

In establishments that prepare and serve food to patrons, it is reasonable to anticipate that those patrons may slip and fall if water or other substances are allowed to remain on the floor. Eating in the coffee shop was incident to appellant's employment (see our discussion, *supra*) and the risk that an employee might slip and fall in the coffee shop was a rational consequence of hazards inherent to the operation of such an establishment. Furthermore, because employees of the hospital were more likely to take advantage of the coffee shop due to the 20 percent discount than were members

of the general public, the risk inherent in the use of this facility was enhanced by employment at the hospital.

Appellant relies primarily on *Lathrop v. Tobin-Hamilton Shoe Manufacturing Co.,* 402 S.W.2d 16 (Mo.App.1966) to support her argument that her injury did not arise out of her employment. In that case an employee was injured when an automobile crashed through the window of employer's factory and struck the employee. The court, in affirming the Commission's denial of benefits, emphasized that where the agency which caused the injury was not "part and parcel of the master's business and under his control" it is unjust to hold him liable unless the employment exposes the employee to a risk not shared by the public. *Lathrop v. Tobin-Hamilton Manufacturing Co.,* 402 S.W.2d at 22; *see also, Finley v. St. Louis Smelting & Refining Co.,* 361 Mo. 142, 233 S.W.2d 725, 727–28 (Mo. banc 1950). The *Lathrop* case is inapposite to our case. Here the agency of appellant's injuries—the coffee shop—was within the hospital's exclusive control and therefore it makes no difference that it was also available for public use. *See E.I. DuPont De Nemours & Co. v. Redding,* 194 Okl. 52, 147 P.2d 166, 168 (Okl.1944).

Every workers' compensation case must be determined on its own particular set of facts. *Blatt v. Metropolitan Life Insurance Co.,* 413 S.W.2d 533, 535 (Mo.App.1967). In this case we conclude that appellant's injury arose out of and in the course of her employment and therefore respondent was entitled to judgment in its favor as a matter of law.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.