Shirley ZAHN, Plaintiff-Appellant,

v.

ASSOCIATED DRY GOODS CORP. and
Craig S. Clark, Defendant-Respondent.

No. 46166.

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1983.

William Edward Taylor, St. Louis, for plaintiff-appellant.

Jeffrey Cramer, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff-appellant Shirley Zahn brought suit against her employer, defendant-respondent Associated Dry Goods and defendant-respondent Craig S. Clark, Director of Loss Prevention at Stix, Baer and Fuller, a division of Associated Dry Goods. Plaintiff

claimed damages for personal injuries after she was assaulted, raped, and robbed in the downtown St. Louis Stix, Baer and Fuller store parking garage. She appeals from the trial court order dismissing her petition for lack of subject matter jurisdiction.

Plaintiff was a waitress in the restaurant located on the sixth floor of the Stix, Baer and Fuller store. At the time of the assault defendant Associated Dry Goods owned the store and the adjacent parking garage. The garage was connected to the store by an indoor skywalk linking the fifth floor of the garage with the third floor of the store.

On September 8, 1981, plaintiff had ended her shift at about 2:20 or 2:30 P.M. She turned in her receipts for the day and changed out of her waitress uniform. At about 2:30 she took the store escalator from the sixth floor to the third floor, where the skywalk to the garage was located. Plaintiff stopped at the dress department on the third floor, and browsed through the racks of dresses for about twenty minutes. Noting the time, she realized that unless she removed her car from the parking garage, she would have to pay for an extra hour. Plaintiff did not try on or buy a dress, or stop in any other department in the store.

Plaintiff then passed through the third floor skywalk to the garage entrance, where there was an enclosed "elevator lobby." As she was entering one of the elevators to get to her car on the ninth floor of the garage, a man entered as the doors were closing. When plaintiff stepped out of the elevator on the ninth floor, into the glass-enclosed "elevator lobby," the man attacked her. She was assaulted, raped, and robbed.

Plaintiff sued her employer and Craig S. Clark, Director of Loss Prevention for Stix, Baer and Fuller, charging negligence. Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Defendants argued that since plaintiff was attacked while leaving her employer's premises, plaintiff suffered a compensable accident under the Workers' Compensation Law, § 287.120 RSMo 1978, and thus workers' compensation was her exclusive remedy.

Defendants asserted that the Labor and Industrial Relations Commission had sole and exclusive jurisdiction over plaintiff's claim, precluding the trial court from exercising any concurrent jurisdiction to decide whether plaintiff's claim was within the commission's sole jurisdiction.

The trial court order dismissing the petition stated:

Motion of defendants to dismiss for lack of subject matter jurisdiction called, heard and sustained. Plaintiff's counsel and defendants' counsel stipulate that the facts and matters recited in paragraph 4 of the aforesaid motion are true. Plaintiff's Fifth Amended Petition against the defendants is dismissed without prejudice.

Paragraph four of defendants' motion to dismiss stated that all parties were operating under the Workers' Compensation Law, that on the date of the incident defendant Associated Dry Goods and its Stix, Baer and Fuller Division were insured for workers' compensation liability, and that defendant Associated Dry Goods had filed written notice with the commission.

Both plaintiff and defendants construe the trial court's order as a determination that only the commission has original and exclusive jurisdiction to determine whether plaintiff was injured by an accident in the course of and out of her employment. The parties agree that the court ruled that once a mixed question of law and fact existed as to whether plaintiff was injured in the course of and out of her employment, the trial court had no choice but to dismiss for lack of subject matter jurisdiction.

The language of the order, however, reflects only the fact that the parties agreed that they were operating under the Workers' Compensation Law. The trial court could have made a determination from the pleadings and plaintiff's deposition that plaintiff was an employee who was injured by an accident in the course of and out of her employment, and thus workers' compensation was her exclusive remedy.

The trial court is not obligated to dismiss a cause of action for lack of subject matter jurisdiction merely because defendant raises the matter of workers' compensation. The Kansas City Court of Appeals, in *Sheen v. DiBella*, 395 S.W.2d 296, 303 (Mo. App.1965) suggested in dicta that where there was a dispute over the application of workers' compensation the trial court had no concurrent jurisdiction to make findings determinative of the issues. In *Lamar v. Ford Motor Co.*, 409 S.W.2d 100 (Mo.1966), however, the language in *Sheen* was explicitly rejected. *Id.* at 107. The court refused to apply the primary jurisdiction doctrine to deprive circuit courts of jurisdiction where the defense of workers' compensation is raised. We agree. The trial court was authorized to determine if it had jurisdiction over plaintiff's cause of action.

We treat the trial court's order on the motion to dismiss as a ruling that plaintiff's exclusive remedy was under workers' compensation, since she was an employee injured by an accident in the course of and out of her employment. The motion to dismiss for lack of subject matter jurisdiction is primarily the proper method for raising the exclusivity of workers' compensation. *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.1982). A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever it "appears" that the court lacks such jurisdiction. Rule 55.-27(g)(3). As the term "appears" suggests, the quantum of proof is not high. It must appear by the preponderance of the evidence that the court is without jurisdiction. *Parmer v. Bean*, 636 S.W.2d at 694. The burden of proof is lower since the dismissal is without prejudice and because any other actions taken by a court without subject matter jurisdiction are null and void. *Id.* at 694–95.

Since the question of the applicability of the Workers' Compensation Law is usually a factual one, *Roberts v. Epicure Foods Co.*, 330 S.W.2d 837, 840 (Mo.1960), it is left to the sound discretion of the trial court. The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial court decides only the preliminary question of its own jurisdiction, which is not a decision on the merits and is without res judicata effect. *Parmer v. Bean*, 636 S.W.2d at 696.

The trial court had before it the plaintiff's petition, defendants' motions, and the depositions of plaintiff and defendant Craig S. Clark. There is no dispute concerning the events leading to plaintiff's suit. We believe that the trial court did not abuse its discretion in determining that it "appeared" to have no subject matter jurisdiction over plaintiff's cause of action.

Only injuries from accidents arising out of and in the course of employment are compensable under workers' compensation. *Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 606 (Mo.App.1968). The assault on plaintiff, as an irrational, unexplained assault of neutral origin, is a compensable accident. § 287.120.1. *See Hollrah v. Freidrich*, 634 S.W.2d 221, 223 (Mo.App.1982); *Freeman v. Callow*, 525 S.W.2d 371, 375 (Mo.App.1975).

The terms "in the course of" and "out of" employment are not synonymous. They are separate tests for compensability and both must be satisfied for the accident to be compensable under workers' compensation. *Yaffe v. St. Louis Children's Hospital*, 648 S.W.2d 549, 550 (Mo.App.1982). An accident is "in the course of" employment if it occurs within the period of employment at a place where the employee may reasonably be, while engaged in the furtherance of the employer's business or in some activity incidental thereto. *Id.* When an employee suffers an accident while leaving work, still on the employer's premises, those injuries received are considered incidental to employment and are compensable. *Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 606 (Mo.App.1968); *Lawson v. Village of Hazelwood*, 356 S.W.2d 539, 542 (Mo.App. 1962).

Plaintiff's accident here occurred on the employer's premises, the parking garage. The skywalk and the elevator were a

part of the customary, expressly or impliedly approved, permitted, usual and acceptable route or means used by workers to get to and depart from work and was being used for such purpose at the time of injury. *Kunce v. Junge Baking Co.,* 432 S.W.2d at 606–607. Arrival and departure are adjuncts to the performance of duty and are thus in furtherance of the employer's business, providing the event occurs on the employer's premises.

■■■ Further, the injury arises "out of" employment if (1) the injury results from a natural and reasonable incident of the employment, a rational consequence of some hazard connected therewith or a risk reasonably inherent in the particular conditions of the employment and (2) if the injury is the result of a risk peculiar to the employment or enhanced thereby. The emphasis here is on the cause of the injury. *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d at 551. The act of leaving the employer's premises after the work is done is considered a risk connected with the employment incidental to the employment. *Ott v. Consolidated Underwriters,* 311 S.W.2d 52, 56 (Mo.App.1958).

■■■ The trial court did not abuse its discretion in finding on these facts that it appeared to have no jurisdiction over the subject matter of plaintiff's cause of action. The court could reasonably have found, from the pleadings and plaintiff's deposition, that she was injured by an accident as she was leaving work and still on the employer's premises. Employment includes not only the actual doing of the work but a reasonable margin of time and space necessary to be used in passing to and from the place where work is to be done. If the employee is injured while passing with the express or implied consent of the employer, to or from work, by a way over the employer's premises, the injury is one arising out of and in the course of employment as much as though it had happened while the employee was engaged in his work at the place of its performance. *Ott v. Consolidated Underwriters,* 311 S.W.2d at 56.

■■■ Plaintiff's twenty minute stop at the dress department was within the period of a reasonable margin of time and space after leaving work. Plaintiff took her usual route leaving work after her shift had ended. The dress department was on the same floor as the skywalk to the garage. Moreover, an employee has a reasonable length of time after the actual hours of employment in which to prepare for leaving the employer's premises. *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d at 551.

In *Yaffe,* a hospital volunteer suffered injury from an accident in the hospital coffee shop after the volunteer's shift was over. The court found the accident to be compensable under workers' compensation, noting the mutual benefit to the employer and employee of the employee's activities. The employee received a discount on purchases in the hospital coffee shop and the coffee shop was located on the employer's premises and was convenient for use by employees. The benefits derived by the employer, the court noted, need not be tangible nor great for the accident to be held compensable. 648 S.W.2d at 551.

Plaintiff here also would have received an employee's discount on any purchases in the Stix store. If the assault on plaintiff occurred while she was browsing in the dress department, it is likely under *Yaffe,* that it would be compensable under workers' compensation. If she had not stopped to look at dresses, it is clear that the injuries would be compensable. We perceive no reason, therefore, that plaintiff's brief stop removes her claim from the exclusive jurisdiction of workers' compensation.

■■■ We hold, therefore, that the trial court did not abuse its discretion in finding that it had no subject matter jurisdiction over plaintiff's cause of action. We caution, however, that this is only a preliminary finding, is without prejudice, and has no res judicata effect. *Parmer v. Bean,* 636 S.W.2d at 696. If plaintiff brings a claim before the Labor and Industrial Relations Commission, under § 287.440, the commission is not bound by the circuit court's determination that the commission had ex-

clusive jurisdiction. *Sheen v. DiBella,* 395 S.W.2d at 304.

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.