Eileen BROOKS, et al., Appellants,

v.

WAL–MART STORES, INC., et al., Respondents.

No. 57298.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 30, 1990.

Ronald R. Fralicx, Beck, Tiemeyer & Zerr, St. Charles, for appellants.

John G. Doyen, David G. Ott, Brinker, Doyen & Kovacs, Clayton, for respondents.

CRIST, Judge.

Plaintiffs, husband and wife, appeal the dismissal of their common law petition for damages for the stated reason the workers' compensation law is the exclusive remedy for plaintiffs' claim. We affirm.

Plaintiff-wife was an employee of Wal-Mart Stores, Inc., at its store in St. Charles, Missouri. She went to that store during her non-working hours to purchase some items and to pick up her paycheck. After she left the store and was approaching her car in the parking lot, she slipped and fell on an accumulation of ice and snow.

Plaintiffs assert wife's injuries did not arise out of and in the course of her employment in that she was a business invitee as she was on the premises for the dual purpose of picking up her paycheck and purchasing items during non-working hours. The parties agree that if she had gone to the store for the single purpose of picking up her paycheck, her cause would have been within the exclusive jurisdiction of the Workers' Compensation Commission. *Elmer E. Stockman Jr., Construction Company v. Industrial Commission,* 463 S.W.2d 610, 613 [1, 2] (Mo.App.1971); *Jones v. Jay Truck Driver Training Center, Inc.,* 736 S.W.2d 468, 471 [2] (Mo.App. 1987).

The trial court determined the issues raised in Wal-Mart's motion to dismiss plaintiffs' petition for lack of subject matter jurisdiction are controlled by the case of *Stockman,* 463 S.W.2d at 610. We agree.

In *Stockman,* the injured claimant, after a day's work had been completed, remained on the employer's premises to pick up a paycheck. He also engaged in discussions about his work and drank beer and visited with a guest of his employer. Claimant was injured on the premises after receiving his paycheck. *Id.* at 611–612. The Court held claimant's injuries were sustained while he was engaged in activities which were an essential part of and incidental to his employment. *Id.* at 613 [2]. Thus, the issues presented by claimant were within the province of the Workers' Compensation Commission.

Other cases support the trial court's determination it lacked subject matter jurisdiction to hear plaintiffs' common law petition. In *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 771 (Mo.App.1983), the court dismissed the common law petition of the injured employee who was injured when leaving the employer's premises after shopping in the store upon completing her day's work. *Id.* at 773 [15, 16]. In *Yaffe v. St. Louis Children's Hospital,* 648 S.W.2d 549, 550 (Mo.App.1982), the injured claimant was a volunteer worker at the hospital. After her shift was over, the claimant went into the hospital coffee shop to eat. While in the coffee shop she slipped and fell, sustaining injury. The court held her injury arose out of and in the course of her employment thereby barring her common lawsuit against the hospital. *Id.* at 551–552 [5].

The trial court did not abuse its discretion in granting Wal-Mart's motion to dismiss for lack of subject matter jurisdiction.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.