EARL FINLEY, (Claimant) Respondent, v. ST. LOUIS SMELTING & REFINING Co., (Employer), and EMPLOYERS LIABILITY ASSURANCE CORP., (Insurer) Appellants, No. 42026—233 S. W. (2d) 725.

Court en Banc, November 13, 1950.

*Moser, Marsalek, Carpenter, Cleary & Carter* and *G. W. Marsalek* for appellants.

*Robert Meagher, Albert I. Graff* and *Malcolm I. Frank* for respondent.

[725] TIPTON, J.—This case was ordered transferred from the St. Louis Court of Appeals. The opinion of that court is reported in 227 S. W. 2d 747. That court affirmed the judgment of the circuit court of Madison County which affirmed the final award of the Workmen's Compensation Division of the Industrial Commission in the sum of $900.00 and medical reimbursement in the sum of $67.00.

The facts are not in dispute. They are as follows: At the date of the hearing the respondent had been employed by the St. Louis Smelting & Refining Co. for about four years hauling rock in one of its mines. The mine at which he worked was about two miles south of Fredericktown and about six miles from respondent's home. There is no public transportation service from his home to the mine, from his home to Fredericktown or from Fredericktown to the mine.

At the time of his injury respondent was working a day shift from 7:30 A. M. to 3:30 P. M., and as usual he came up from his work underground about 3:15 P. M. He had washed and changed his clothes and got to [726] his car about 3:25 P. M. It was parked on a parking lot on the company's property. There was nothing more for him

to do and he was at liberty to go to his car and to go home at 3:30. He started his car but the fan was stuck. He raised the hood and gave the fan a whirl with his hand. It started and caught his hand, cutting off his left index finger and a part of his left ring finger. The company maintains this parking lot. Its surface is covered with gravel. It has lights on it and at times the company maintains a watchman there. There are posted signs with respect to the distances parkers are required to stay from the buildings.

At the time respondent was hired he was not required as a condition of employment to have a car. The company did not ask if he owned a car but did ask if he had transportation. On prior occasions he had taken other men to work because they had no other transportation but on the day in question he did not have any passengers with him. Most employees have automobiles and those who do not ride with those who do. This parking lot is about one mile from the highway.

The appellants contend that the facts do not support the final award and judgment for the reason that the injury did not arise out of the employment and, therefore, is not compensable.

Section 3691, R. S. Mo., 1939, of our compensation law provides that "the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment." In their brief appellants admit that the injury in question occurred "in the course of" respondent's employment; that is, it happened during his working hours and at a place where he had a right to be. But they contend that the injury did not arise out of respondent's employment. Therefore, the sole question before us is: Do the facts in this case come within the phrase, "arising out of * * * his employment," found in section 3691, supra?

"The courts of this and other states have often found it necessary to construe the phrase 'arising out of and in the course of employment,' but no all-embracing definition has yet been framed. As we said in Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. 2d 601, 605, every case involving this phrase 'should be decided upon its own particular facts and circumstances and not by reference to some formula.'

"In many cases the injuries occurred while employees were away from the place of work. We do not have that problem here. Some cases hold there can be such a departure from the terms of employment as to deny compensation to an employee for an injury occurring while he is at the place of employment and that such departure may be only a brief one. Yet other cases have granted compensation for injuries which occurred at times when the employees were not engaged in the work of their employers or in any work at all. Those cases are not necessarily inconsistent. Each case has turned upon the point of whether, under its particular circumstances, the injury

arose from something which had become an incident to the employment.'' Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S. W. 2d 915, l. c. 917.

In this case the respondent was employed to work in the company's mine. He was injured while he was trying to start his automobile at the close of his day's work so that he could return to his home. Therefore, respondent was not injured while performing the work he was employed to do. However, if the facts in this record show that by the conduct of the parties the activity in which respondent was engaged at the time of the injury had become an incident to his employment, then he is entitled to compensation. As said before, the facts are not in dispute. But the respondent is entitled to all reasonable inferences to be drawn from these facts, in a light most favorable to support the award. Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. 2d 601.

The parking lot where the injury occurred was located on the company's [727] property, about two hundred feet from the change room and the mine shaft. There was no public conveyance these employees could ride to and from their work. It is true the company did not require any of its employees to have automobiles. The company did not care what method they used in getting to and from their work. But its employees either drove their own automobiles or rode with some other employee. We think it is a reasonable inference that the company maintained the parking lot for the mutual benefit of it and its employees. Even so, the mere fact an employee was injured during working hours on this parking lot would not necessarily entitle the injured employee to compensation. Compensation to an injured employee would depend upon whether his activities should have been reasonably anticipated and expected by the employer and had become an incident to the employment. Wamhoff v. Wagner Electric Corp., supra.

This court has not decided any compensation cases involving a parking lot maintained by the employer to be used by his employees, but we have cited cases of other jurisdictions and we will briefly review some of them which are based upon facts similar to those in the instant case.

In E. I. Du Pont de Nemours & Co. v. Redding, 147 Pac. 2d 166 (Okla.) the facts are as follows: Immediately after the injured employee completed his day's work for his employer he went upon a parking lot adjacent to the place of his employment. The parking lot was maintained for the mutual benefit of the employer and its employees. While he was proceeding to his automobile he fell over a ''lane divider'' and sustained injuries. The Oklahoma Supreme Court held that such accident occurring to the employee arose out of and in the course of his employment and falls within the purview of the Workmen's Compensation Act.

A similar state of facts and the same holdings are found in John Rogers' Case, 61 N. E. 2d 341 (Mass.), 159 A. L. R. 1394; Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S. W. 2d 1; and Dewar v. General Motors Corp., 19 N. J. Misc. 297, 19 Atl. 2d 194.

In the case at bar, if after the respondent had raised the hood of his automobile he had slipped on some loose gravel or other object which caused his hand to come in contact with the fan of his automobile, resulting in his injuries, then these cases would sustain the finding that his injuries arose out of his employment. But his evidence is that he did not slip or fall. On the contrary, he purposely put his hand on the fan to start it. His injuries were not the result of any hazard connected with the parking lot but were caused solely because the fan would not work.

The respondent also cites the case of Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, l. c. 155, 68 L. Ed. 366. In that case the employee was killed by a railroad engine upon a track adjacent to the employer's plant as he was about to enter the plant to go to work. The Supreme Court of the United States said:

"Here the location of the plant was at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. Parramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; and he was in effect invited by his employer to do so. And this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer."

Bountiful Brick Co. v. Giles, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, and Murphy v. Wells-Lamont-Smith Corp., 155 S. W. 2d 284 (Mo. App.) are similar both in regard to the facts and rulings as the Cudahy Packing Co. case, supra. We think these cases do not support the award in the instant [728] case. There was nothing about the parking lot that exposed the respondent to the risk that caused his injury. His injury was caused by his own automobile over which the company had no control.

Neither does the case of Howes v. Stark Bros. Nurseries & Orchard Co., 223 Mo. App. 793, 22 S. W. 2d 839, support the award in this case. The employee was crossing the highway after his day of work to take a bus operated by the employer to transport its employees to and from town to their work. In the case at bar, the respondent was injured by a defect of his own car.

The respondent also relies upon the case of Petroleum Casualty Co. v. Green, 11 S. W. 2d 388 (Tex.). In that case the injured employee rode to and from his home to a parking lot maintained by the employer in a car owned and driven by another employee. The employer did not furnish transportation from the employees' homes to its place of business but did maintain a parking lot for their use. At the end of work on the day in question the owner of the car could not start it and the injured employee started to crank it with a hand crank. It backfired, breaking his arm. The Court of Civil Appeals of Texas ruled the injured employee was entitled to compensation. The opinion states, ''All dangers and perils incident to the use of such method of entrance and retirement were perils incident to and arising out of his employment.''

The case of Federal Surety Co. v. Ragle, 40 S. W. 2d 63, is a case by the Commission of Appeals of Texas where the employee was injured while cranking his car in an attempt to start it so he could go home. The Court held the injury arose out of and in the course of his employment.

The case at bar cannot be distinguished on facts from these two Texas cases. Neither can it be distinguished from the case of Industrial Commission of Colorado v. Enyeart, 256 Pac. 314. Yet the Colorado Supreme Court held that the injured employee was not entitled to compensation. The facts in that case were that the injured employee and another employee had an agreement by which they alternated using their cars to drive to and from work, thus saving each man the cost of driving his own car every day. On the day of the injury the injured employee was riding with the other employee and while they were crossing the bridge upon the employer's premises the steering gear broke, causing the car to plunge down into a creek bed. In that case the employee was permitted to park his car on the employer's premises. In denying liability the Colorado Supreme Court said, '' * * * an accident which is the result of a cause brought onto the employer's premises by the workman himself for his own purposes is not caused by his employment and does not arise out of it.''

We think the ruling of the Colorado Supreme Court is sound and is in accord with the ruling of the courts of this state. In this case the respondent was not injured because of any peculiarity of the premises to which he was subjected because of his employment. His exposure to the injury which he received was neither greater nor less than other members of the general public who drive automobiles on business or pleasure.

''In passing upon this case, it is necessary to bear in mind the fundamental difference between those causative agencies which are part and parcel of the master's business and under his control; and those which lie outside that business and beyond his control. In the former class of cases, it is quite reasonable to hold the master liable, no

matter how unusual or unpreventable the accident may be. But, in the latter class of cases it seems unjust to hold the employer liable, unless the employment in some way exposes the employee to an unusual risk or injury from such agency which is not shared by the general public.'' Ries v. De Bord Plumbing Co., 186 S. W. 2d 488, l. c. 489.

In the case at bar there is no causal connection between the injury and the employment. Under the undisputed evidence in this record we think the finding that respondent's accident arose out of his employment cannot be sustained.

[729] It follows from what we have said that the judgment of the trial court affirming the award of the Commission must be reversed. It is so ordered. All concur.