239 S.W.2d 526 (1951)
DONZELOT
v.
PARK DRUG CO. et al.
No. 28137.
St. Louis Court of Appeals. Missouri.
May 15, 1951.
*527 Albert I. Graff, Malcolm I. Frank, St. Louis, for appellants.
Carl A. Enger, St. Louis, for respondent.
ANDERSON, Presiding Judge.
This is an appeal from a judgment of the Circuit Court of the City of St. Louis affirming a final award of the Industrial Commission of Missouri in favor of claimant, Catherine Donzelot, on her claim against her employer, Park Drug Company.
Appellant Park Drug Company, by lease, occupies two floors of a seven-story building numbered 1012 Lucas Avenue, St. Louis, Missouri. One of the floors occupied by the Park Drug Company is the first floor.
Several days prior to February 12, 1948, and on that day, it had been snowing, raining and freezing, and the surface of the streets and sidewalks was covered with ice and snow. This condition was general throughout the city. About 5:00 p. m. on that day, February 12, 1948, respondent started home, slipped and fell on the ice and sustained serious injury.
The issue as to where respondent fell was the subject of conflicting evidence. The door through which respondent emerged opened inwardly, and on leaving the building through said door one came immediately onto the public sidewalk. The threshold of the door was approximately six inches above the sidewalk and was four to six inches wide. At the hearing before the referee respondent testified that she slipped on this threshold. Appellants offered evidence tending to show that respondent slipped on the sidewalk several feet from the door.
Respondent testified she opened the door with her right hand, stepped through the door and slipped on the threshold of the door. She stated that it was her right foot that slipped on the step as she started to step down, then her left foot slipped as it came down on the sidewalk, and she fell out into the street.
Appellants offered in evidence statements previously made by respondent wherein she stated that she slipped and fell on the public sidewalk. These statements were made to a claims attorney employed by insurer-appellant, Globe Indemnity Company. Said statements were taken down by a shorthand reporter at the time and later transcribed. Those statements, material to the issue here, are as follows:
"Q. Where did it happen? A. Right outside the building there, the sidewalk slopes down and it was icy that night and I started to walk toward Tenth Street and I fell.

* * * * * *
"Q. How far had you gone from the Park Drug Company door when you fell? A. Just a few feet.
"Q. Five feet or ten feet? A. That I couldn't say.
*528 "Q. You were outside the door there? A. Yes, I was outside going toward Tenth Street to take the streetcar. * * Right in front of the building was where I fell, I fell right in front of that office.

* * * * * *
"Q. When you started to the east there, how far had you gotten? A. I don't know, you will have to go down and measure that because I couldn't tell you just where I fell. I told you I fell right in front of the place, right in front of that plate glass window.
"Q. You were out on the sidewalk, then? A. Yes, I was out on the sidewalk.

* * * * * *
"Q. Did you fall just as you got out? A. I walked a few feet and turned to go to Tenth Street."
It was brought out on cross-examination of Albert D. Menefee, the claims attorney who took the respondent's statement, that the statement was taken June 11, 1948, some four months after the accident; that it was unsigned and was not taken in the presence of respondent's attorney. Respondent was not given a copy of the statement. Respondent testified that when Menefee called upon her at the time in question both he and the shorthand reporter were intoxicated. Both Menefee and the court reporter denied that they were intoxicated at the time.
There were no eyewitnesses to respondent's fall. Leo Rubinstein came through the exit door shortly after respondent fell and found her lying on the sidewalk about four or five feet north of the door. Mrs. Stella Fox stated that she came through the door shortly after five o'clock and saw Mrs. Donzelot lying about five feet in front of the door.
The referee (Lurton) found in favor of the appellants, the award stating: "The findings of fact having disclosed that employee's accident for which she claims compensation having occurred outside of employer's premises and after she had quit work, the Division of Workmen's Compensation is without jurisdiction in this case. Therefore, compensation must be and is hereby denied."
In the findings of fact, the referee stated:
"I further find as a fact that the testimony given by the employee in this case that her right foot slipped on the icy threshold of the entrance door of the employer's premises as she was leaving the premises after she had quit work causing her to fall, is not true.
"I further find as a fact that employee's statement given to witness Menefee and transcribed by witness Hunziker under date of June 11, 1948, on page two of said statement, Employer's and Insurer's Exhibit No. 4 in relation to the occurrence of an accident from which said employee sustained injuries and for which she now claims compensation, is true."
The Industrial Commission, on review, found for respondent and entered an award in her favor for permanent partial disability in the sum of $16.67 per week for 92.8 weeks, and for medical aid in the sum of $75. The findings of fact by the Commission were as follows: "We find from all the evidence that Catherine Donzelot, employee herein, sustained an accidental injury on February 12, 1948, arising out of and in the course of her employment with the Park Drug Company, resulting in 40 per cent permanent partial disability of her right (major) arm at the shoulder; that said injury was sustained when employee, while leaving work at her regular hour of departure, slipped and fell on the icy walk in front of her employer's place of business at a point so close to her employer's premises to be considered a part thereof."
On appeal to the Circuit Court, the award of the Industrial Commission was affirmed.
In this case the Commission rejected respondent's testimony that she slipped on the threshold of the door on appellant's premises, and found that the mishap actually occurred on the public sidewalk in front of appellant's place of business. This finding of fact cannot be disturbed unless we are convinced, after *529 considering the whole record, that the Commission could not reasonably have made such finding. We may not set aside a finding of the Commission unless it is clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55; Brown v. Weber Implement & Auto Co., 357 Mo. 1, 206 S.W.2d 350; Stephens v. Spuck Iron & Foundry Co., 358 Mo. 372, 214 S.W.2d 534; Johnson v. Great Lakes Pipe Line Co., 358 Mo. 445, 215 S.W.2d 460; Karch v. Empire Dist. Elec. Co., 358 Mo. 1062, 218 S.W.2d 765.
With the foregoing rule in mind, we have carefully considered the evidence and have reached the conclusion that we should not disturb the above mentioned finding.
Our next problem is to determine whether the facts found by the Commission support the award.
Section 287.020(5), R.S.Mo.1949, provides: "Without otherwise affecting either the meaning or interpretation of the abridged clause, `personal injuries arising out of and in the course of such employment,' it is hereby declared not to cover workmen except while engaged in, or about the premises where their duties are being performed, or where their services require their presence as a part of such service."
The facts found by the Commission clearly show that respondent was not injured as a result of an accident arising out of and in the course of her employment. Respondent was not engaged at the time in performing any duty of her employment. She was not upon the premises where the work of her employer was being carried on, and the services for which she was employed did not require her presence at the place in question. At the time of the accident respondent was not exposed to any greater hazard by reason of her employment than the public generally.
We have been cited to no Missouri case which is squarely in point. However, there are cases from other states which present facts quite similar to the case at bar and which hold that no recovery can be had under such circumstances.
In Gullo v. American Lead Pencil Co., 119 N.J.L. 484, 196 A. 438, plaintiff was employed in defendant's factory and was injured while passing along the sidewalk in front of said factory. There were two entrances to the factory on the side where the accident occurreda small gate used only by persons on foot, and another, a large entrance with double gates used by vehicles as well as pedestrians. When respondent fell she was passing in front of the large gate, intending to use the smaller entrance. The hour was 7:50 a. m., and work began in the factory at 8:00 a. m. Held, that plaintiff's injury was not compensable. The court said, 196 A. loc. cit. 438:
"The narrated facts clearly establish both an accident and an injury to the employee, but in no sense can it be said to have arisen out of and in the course of the employment, and this because the employment in the terms of the statute had not yet begun.
"In seeking the proper construction of the statute, where is the boundry between employment and nonemployment to be found if not in the facts of the present case? Is it when the employee is within a few feet of the place of employment, but still on the public highway in no way connected therewith, and not where the distance intervening is multiplied few or many times? Is it when one starts on the journey from home to factory? If not, at what point between does employment begin? There must come a time when the employee is on his own. At the moment of the accident the respondent was not in employment, The time and place were her own; she could proceed or turn back. She was in no sense in the service of the employer at the moment."
In Richtarik v. Bors, 142 Neb. 226, 5 N.W.2d 199, 142 A.L.R. 881, it appears that on the day of the accident plaintiff was in charge of the garage where he was employed. About 9 :00 p. m. a prospective customer returned a car to plaintiff at his *530 home. Plaintiff drove the car to the garage and started home on foot. He left by an alleyway and when he had gone about 44 feet he slipped on the icy pavement and fell, fracturing his arm. Held, there could be no recovery under the Compensation Act. The court said, 5 N.W.2d loc. cit. 200:
"It appears to us that appellee's trip from the garage to his home was no more incidental to the employment than if it had been made at the close of regular hours of work. The injury was not received while appellee was engaged in, on, or about the premises where his duties were to be performed, or where his services required his presence as a part of such service at the time of the injury. The injury was entirely independent of the relation of master and servant. He was upon no mission of the employer. No act of the employer, imputed or otherwise, contributed to the injury. He was no longer performing any service for the employer. The power of direction and control had ceased to exist; the appellee was on his own. It is clear that under the statute, section 48-152, Comp.St.Supp.1941, the injury is not compensable.
"When an employee has finished his work and is on his way home, a mission of his own, and is injured at a place where he is not required to be by his employment, he is not within the provisions of the compensation law. And in this respect it makes no difference whether he works regular hours or is subject to call by the employer."
In DePorte v. State Furniture Co., 129 Neb. 282, 261 N.W. 419, plaintiff, an employee of defendant in its furniture store, was injured by a fall on an icy sidewalk at a point several feet from the entrance door of the store as she was leaving at the noon hour to get lunch and to do a personal errand. She sued at common law for negligence. The defense was that her injuries, if any, would be compensable under the Workmen's Compensation Act. Held not covered by the Act. The court, after quoting from statute, said, 261 N.W. loc. cit. 420, 421:
"Hence, to be compensable, the accident must have arisen out of and in the course of the employment as limited by the above definition. The plaintiff here, when injured, was not actually engaged in any duty of her employment nor upon the premises where the work of her employer was carried on, unless by construction we can hold that passing over the sidewalk in front of her employer's place of business, on her own time for which she was not paid, at the noon hour to get her lunch and to do a personal errand brings her within the scope of the compensation law. * * *

* * * * * *
"The injury in the case at bar occurred on a public sidewalk where the employee was exposed to no other or different hazard than the public. She had made herself a part of the general public by going on her own time for lunch and on a personal errand. While it happened near the place where she was employed, it did not happen at the place of work. It was not incidental to the main character of the business on which the employee was engaged for the employer. We decline to stretch the rule heretofore announced. We therefore hold that the injury here did not come under our Workmen's Compensation Law."
In Wicks v. Cuneo-Henneberry Co., 319 Ill. 344, 150 N.E. 276, the facts appear as follows:
Plaintiff, on her way to work in the plant of defendant, tripped against the corner of one of the iron doors maintained in the public sidewalk and was thrown and injured. The iron doors were about 25 feet from the employees' entrance. Held that plaintiff did not come under the Workmen's Compensation Act. The court said, 150 N.E. loc. cit. 279: "The undisputed evidence in the record is that this accident occurred on the public sidewalk, and that the hazard to which defendant in error was exposed by reason of the defective door in the sidewalk was one common to every member of the public traveling that way. The fact that she was on her way to work is unimportant. She *531 was not on the premises where she was employed. It is clear that the accident did not arise out of or in the course of her employment in the plant of plaintiff in error, and therefore the Workmen's Compensation Act has no application to this case."
In Payne & Dolan v. Industrial Comm., 382 Ill. 177, 46 N.E.2d 925, one Jorsch was employed in defendant's plant located on the west side of Highway 54. Jorsch traveled to and from his work by public bus which passed the plant. There was a driveway leading from the concrete slab over the shoulder and into the defendant's plant. At night it was plaintiff's practice to come out over this driveway, cross over the pavement and take a northbound bus on the east side of the highway. The only means of ingress and egress for employees was over the gravel driveway. Jorsch quit work about 10:00 p. m. and walked down the gravel driveway to catch the bus. He testified that he stopped as he approached the highway and looked both ways and saw nothing; that he remembered he got up close to the edge of the pavement but he didn't remember anything after that. It developed that a southbound car struck him. The driver of the car testified that he first saw Jorsch ten feet in front of his car in the middle of the southbound traffic lane on the concrete slab, headed east across the pavement. Held that he was not entitled to compensation. The court found that, under the evidence, Jorsch was on the concrete slab when hit. The court said, 46 N.E.2d loc. cit. 927, 928:
"* * * The fact, that the accident happens upon a public highway and the danger is one to which the general public is likewise exposed, are not conclusive if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. * * *
"The test is whether the employee, when injured, was at a place where, by reason of his employment, he was required to be, or where he is subjected, by reason of his employment, to a hazard to which the public is not exposed or to which he, by reason of his employment, is exposed peculiarly and to a greater degree than the public. If his work for the day is ended and he is at a place off the employer's premises, where the hazard to which he is exposed is the same and of the same degree as that to which the public is exposed, his injury is not compensable. It is not enough to say he would not have been at that place on the public highway if it had not been for his job, since the same can usually be said of the general public. * * *

* * * * * *
"When he went off this driveway and onto the slab of the highway, he departed from the place where danger to him could be said to have been of a greater degree because of his employment, and into a place where the public generally shared fully the dangers incident thereto. Unless this be true, where can the line be drawn? What reason or logic can be applied, which would draw the line at any point short of his doorway?"
In Strahlendorff v. Board of Education of Ridgefield Park Tp., 4 A.2d 848, 17 N.J.Misc. 51 a French teacher returning to school from lunch slipped and fell on a public sidewalk in front of the schoolhouse. Held not entitled to compensation. The court said, 4 A.2d loc. cit. 848, 849:
"After consideration of the testimony adduced before me, having in mind the testimony of the petitioner and the previous statement made by her and having a chance to consider the manner in which her testimony was given, it is my opinion that we are dealing here with a case involving an injury occurring on a public sidewalk and occurring at a time when the party involved was not in the course of her employment. In my opinion the petitioner was still in the act of returning from her lunch to go to the school where she was a French teacher. For some unknown reason she fell at or in close proximity to a corner near the school but upon the public sidewalk. In my opinion her accident was a result of a risk to which the public generally was subjected and not one to *532 which she was peculiarly subjected as an employe of the Board of Education and I so find as a fact."
Respondent relies on Murphy v. Wells-Lamont-Smith Corporation, Mo.App., 155 S.W.2d 284. An examination of that case shows that the case is not in point. There, the claimant, when endangered, was on a part of the sidewalk which was appropriated by the employer to the use of the business, and when struck and injured was actually on the premises of the employer.
In our opinion, the facts found by the Commission do not support the award. The judgment of the trial court affirming the award of the Commission is reversed.
McCULLEN and BENNICK, JJ., concur.