Hilbert L. **FINGERS,** Claimant-Appellant,

v.

**MOUNT TABOR UNITED CHURCH OF CHRIST,** Employer, and Insurance Company of St. Louis, Insurer, Respondents.

No. 33271.

St. Louis Court of Appeals.
Missouri.
March 18, 1969.

McLeod & Murphy, St. Louis, for claimant-appellant.

Leritz & Leritz, St. Louis, for respondents.

DOERNER, Commissioner.

In this appeal claimant asks us to hold that his accidental injuries arose out of and in the course of his employment within the meaning of that term as it appears in our Workmen's Compensation Law. That issue was decided adversely to the claimant by the Referee, after a hearing, and claimant's efforts to obtain a reversal of that ruling by successive appeals to the Industrial Commission and to the Circuit Court have been unavailing.

■ Since the material facts are not in dispute the issue presented for our determination becomes one of law. Daniels v. Krey Packing Company, Mo., 346 S.W.2d 78; Liebman v. Colonial Baking Co., Mo. App., 391 S.W.2d 948. The evidence shows that by an oral agreement made in April, 1967, claimant was hired by the employer as its custodian, and by the terms of his employment was required to live in a one-family residence owned by the employer and located on its tract of ground, adjacent to the church edifice. Claimant was required to live in the house on the employer's premises because it was necessary that claimant work certain evenings and generally supervise the employer's church building and parking lot. Further, by the terms of his employment claimant was on call 24 hours a day, but the evidence shows that he did not, of course, actively engage in his work 24 hours a day. In addition to a weekly salary of $60 claimant received

the use of the residence rent free, and was furnished electricity, gas, water and heat by the employer without charge, but not a telephone, which the claimant had installed at his own expense. Claimant and his family, consisting of his wife and daughter, occupied the employer's house as their home, and furnished it with their own furniture.

On July 5, 1967 claimant completed his work in the church building about 10:30 P.M., and crossed the parking lot to his home. He had previously purchased a new refrigerator and was planning to move his old one, with the help of two friends, to the basement on the next day. Upon entering his home claimant started down the steps to the basement for the purpose of selecting a place to store his old refrigerator, and while descending the steps he slipped and fell, causing his injuries, which we need not detail. Claimant was unable to state why he fell, but no claim was made by him that the steps were defective, inherently dangerous or unclean. In fact, his wife had cleaned them that morning.

■ Section 287.120, par. 1, RSMo 1959, as Amended, Laws 1965, p. 397, § 1, V.A.M.S., imposes upon the employer the duty to furnish compensation to the employee for personal injuries sustained by the latter in an "* * * accident arising out of and in the course of his employment. * * *" If the definition of the term "employee" has probably produced more reported cases than any definition of status in the modern history of law, as quoted in Lawson v. Lawson, Mo.App., 415 S.W.2d 313, 317 from 1A Larson, Workmen's Compensation Law, § 43.10, p. 623, it surely appears from the reports of our appellate courts that the interpretation and application of the phrase "arising out of and in the course of his employment" has spawned decisions so numerous that they easily attain second ranking in volume. The accepted definition of that phrase, as repeated in the recent case of Lampkin v. Harzfeld's, Mo., 407 S.W.2d 894, 897, is: "An injury arises 'out of' the employment

when there is a causal connection between the conditions under which the work is to be performed and the resulting injury, and it arises 'in the course of' the employment when it occurs within the period of employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. * * *" Thus as pointed out in numerous cases the terms "out of" and "in the course of" the employment are not synonymous but are separate tests for compensability, and both must be satisfied before the employee is entitled to recover. Smith v. Levis-Zukoski Mercantile Co., 223 Mo.App. 743, 14 S.W.2d 470; Howard v. Ford Motor Co., Mo.App., 363 S.W.2d 61.

■ As is so often true of statutory terms, the difficulty encountered is not in defining the phrase but in applying its broad legal principles to specific factual situations. And as pointedly observed in Heaton v. Ferrell, Mo.App., 325 S.W.2d 800, 804, our courts "* * * frequently have said that no all-embracing definition of the phrase 'arising out of and in the course of his employment' has yet been framed, and have added the common-sense admonition that every case involving the quoted phrase should be decided upon its own particular facts and circumstances and not by formula. However, it may be helpful in consideration of the instant case to bear in mind that, before an injury may be said to arise out of the employment, it must have been a rational consequence of some hazard connected with the employment; that, generally speaking, the scope of the contract of employment furnishes the determinative test as to whether or not the accident is compensable as 'arising out of and in the course of * * * employment' and, that cases involving construction and application of the quoted phrase usually have turned upon the point whether, under the particular circumstances of each such case, the injury arose from something which had become an incident to the employment."

Citing Morgan v. Duncan, 361 Mo. 683, 685, 236 S.W.2d 281, in which the court stated substantially the same definition of the phrase under consideration as that quoted above from Lampkin v. Harzfeld's, supra, which concludes with the words, "* * * or engaged in doing something incidental thereto, * * *" claimant in his brief states that, "The key word in this whole case is 'incidental'." And after quoting a dictionary and a synonym finder definitions of the word "incidental," claimant contends, first, that his accident arose out of his employment because "* * * the testimony shows beyond any doubt that the employee was required to live on the premises as a part of his employment"; and second, that his accident arose in the course of his employment because "* * * having and using furniture and living in the house where the accident occurred was incidental to the employment. * * *"

So far as has been suggested by claimant or our independent research has disclosed the only case decided by our appellate courts involving an injured employee who by the terms of his contract of employment was required to live on the employer's premises is Morgan v. Duncan, supra. That was a case in which the injured employee brought an action to set aside an order of the then Workmen's Compensation Commission approving a final settlement, in which action it was alleged that the defendants had falsely and fraudulently or mistakenly represented to her that she had no claim or cause of action at common law. Properly analyzed, what was actually held in that case was that the plaintiff failed to sustain her burden of showing fraud or mistake in the procurement of the order. However, in the introductory part of its opinion the court (236 S.W.2d 283) cited 58 Am.Jur., Workmen's Compensation, § 229 to the effect, "* * * 'that an injury to an employee living, boarding, or lodging on the employer's premises, or at the place where the work is being done, pursuant to an express or implied require-

ment of the contract of hiring, if reasonably attributable or incidental to the nature of employment, or to the conditions under which he lives in the performance of his duties, is to be regarded as having arisen out of and in the course of such employment. On the other hand, the mere fact that an employee was living on the employer's premises at the time of injury does not ordinarily, of itself, render such injury compensable as arising out of or in the course of the employment where such residence on the employer's premises is merely permissive and not required, or where the injury results from a risk or danger which is not reasonably incidental to the employment.'" The court's comment on that passage was that, "It may thus be seen that in the circumstances of some cases, where the ultimate question of compensability under the Workmen's Compensation Law is presented a supporting issue as to the requirement of the employee's residence may be determinative."

■ We construe that comment to mean that the fact that an employee is required by the terms of his employment to live on his employer's premises and is injured thereon is *one* factor, *but only one,* in the determination of whether the employee's accidental injury arose out of and in the course of his employment. To contend it is the sole fact is to argue that merely because the employee is required to live on the premises and is injured thereon, regardless of the other facts and circumstances under which the injury occurred, is tantamount to making such an employer an insurer of his employee. Our Workmen's Compensation Law was never designed to operate as accident insurance with blanket coverage as to any and all accidents wherever and whenever received by an employee. Stout v. Sterling Aluminium Products Co., Mo.App., 213 S.W.2d 244; Morrow v. Orscheln Bros. Truck Lines, Inc., 235 Mo.App. 1166, 151 S.W.2d 138. Nor have our appellate courts as yet reached the point where they hold that it necessarily and inevitably follows that an employee

is entitled to compensation in every case merely because his injury or death occurred on the employer's premises. To the contrary see Finley v. St. Louis Smelting & Refining Co., en Banc, 361 Mo. 142, 233 S.W.2d 725, 727; Wheaton v. Reiser Co., Mo.App., 419 S.W.2d 497, 499.

Although he did not cite that authority, claimant's contentions in the instant case find support in 1. Larson, Workmen's Compensation Law, § 24.00, p. 421, where it is said: "When an employee is required to live on the premises, either by his contract of employment or by the nature of the employment, and is continuously on call (whether or not actually on duty), the entire period of his presence on the premises pursuant to this requirement is deemed included in the course of employment. * * *" In support of his conclusion the author continues: "It has already been shown, in the case of employees with fixed time and place of work, that such personal activities as eating lunch or indulging in recreation are within the course of employment even when they take place outside strict working hours, if they take place on the employment premises. It has also been shown that all kinds of personal comfort activities within working hours on the premises are covered. It is possible, by an extension of this same idea, to say that when a worker is on the premises night and day all his personal comfort and incidental activities are within the course of employment, including sleeping at night. * * *" And besides sleeping at night Larson cites such personal comfort activities as being within the course of employment as falling while fixing breakfast, going to the bathroom, falling while taking a shower or a bath, and falling from a chair while dressing. In § 24.22, p. 428, Larson concedes, somewhat grudgingly and critically it seems to us, that there are cases contrary to his views to the effect that, "When compensation has been denied to employees in this category, it has usually been on the theory that the activity was too distinctly personal to support an award.

* * *" But from an examination of the annotations in 10 ALR 1491; 31 ALR 1251; 56 ALR 512; and 158 ALR 607 we gain the impression that there are more decisions which do not support Larson's views than are indicated in his text.

We recognize that under the concept of "incidental to the employment" our appellate courts have ruled as compensable injuries received by fixed-hour employees while engaged in various personal activities on the employer's premises. Thompson v. Otis Elevator Co., Mo.App., 324 S.W.2d 755. Nevertheless, not all personal activities have been held to be compensable. For example, despite his reference to "indulging in recreation" in Larson, § 24.-00, above quoted, neither that author nor our appellate courts hold that all recreational activities engaged in by an employee are within the scope of his employment. See Larson, § 22.00, p. 349; and compare Dunnaway v. Stone & Webster Engineering Corp., 227 Mo.App. 1211, 61 S.W.2d 398 with Conklin v. Kansas City Public Service Co., 226 Mo.App. 309, 41 S.W.2d 608. By the same token we cannot accept the view that all activities of an employee who is not actually on duty, no matter how personal they may be, are within the scope of his employment merely because he is required to live on the employer's premises and is subject to call. In the instant case the claimant had completed his work for the day, and while he was subject to call in an emergency, he was in fact off duty when he was injured. The occurrence which gave rise to his injury, his descent of the steps to the basement for the purpose of selecting a place to store the old refrigerator, was a purely personal one. The refrigerator was his own, supplied by him, as was all the furniture in his home. At the time he was injured he was not engaged in performing any duty for which he had been employed, and the activity which gave rise to his injury was entirely disassociated from the work which he had been hired to perform. Realistically, the only fact which could conceivably be said

**246**

to furnish a causal connection between his employment and his injury is that he was required to live in a house owned by his employer. While owned and furnished by the employer the house was claimant's home, occupied solely by him and his family, as much so as if he had rented quarters elsewhere. There was no special risk or hazard incident to the employer's house in which the claimant was required to live and the personal activity which occasioned his injury was not incidental to his employment. Under the circumstances of this case we are of the opinion and hold that claimant's injuries did not arise out of and in the course of his employment.

Accordingly, the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment affirmed.

RUDDY, P. J., and WOLFE, J., concur.