**Charles BYBEE, Plaintiff-Appellant,**

v.

**OZARK AIRLINES, Defendant-Respondent.**

**No. 50347.**

Missouri Court of Appeals, Eastern District, Division Four.

March 11, 1986.

Charles A. Mogab, St. Louis, for plaintiff-appellant.

James A. Thoenen, St. Louis, for defendant-respondent.

KELLY, Judge.

Charles Bybee, the claimant in this Workers' Compensation case, was employed by Ozark Airlines (Ozark) as a Quality Control Technician. Claimant was injured on February 12, 1982 when, during the normal work day, he slipped and fell on ice on the company maintained parking lot while en route to his car to put air in one of his tires. The Labor and Industrial Relations Commission (Commission) reversed the award of compensation made by the administrative law judge. Claimant has perfected his appeal to this court pursuant to Section 287.495, RSMo.Cum.Supp.1984. We reverse with directions.

Appellant, Charles Bybee, is employed as a Quality Control Technician for Ozark Airlines and has been employed by Ozark for 32 years. His duties entail inspection and approval of maintenance work performed on aircraft and aircraft engines. Appellant's place of employment is the Ozark Service facility at Lambert St. Louis Airport. The service facility is a large four-bay hangar with parking lots adjacent at both the north and south ends.

Appellant's work hours are 8:00 a.m. to 4:00 p.m. Within this time, he is entitled to a half-hour lunch break at 12:30 p.m., and two ten minute breaks at 10:00 a.m. and 2:00 p.m. During the work day he is not confined to a specific geographic area, but travels throughout Ozark's entire service facilities.

Ozark Airlines publishes a manual entitled, "Maintenance Policy Manual" which is made available at employee's request. Appellant received a copy of the manual in either 1960 or 1961. Rule L.3 of the manual, as amended in 1977, prescribes company regulations governing employees working on personal property. The rule grants employees, whose normal duties qualify them to utilize company tools, to use the tools on personal property if pre-authorized in advance, in writing, and the work does not interfere with employee's official duties and is done during off-duty hours.

Mr. Bybee testified he was unaware that work on personal property must be done only during off duty hours. Robert Hoffman, maintenance foreman, testified that work on personal property is done "on your own time, such as breaks, possibly breaks, or lunch periods or after work."

On February 12, 1982, appellant arrived at the company parking lot with low air pressure in one of his car tires. He assumed his normal work duties in the engine shop. At approximately 9:00 a.m., he attempted to find a high pressure bottle to put air in his tire. Unable to locate the bottle, he asked Mr. Hoffman of its whereabouts. He advised Hoffman of the tire problem and Hoffman advised him to go to the automotive section and borrow the portable air tank. Upon arrival in the automotive section, appellant asked permission of Ted Wilson, an Ozark employee, to use the air tank. Wilson aired up the tank for appellant and gave him an air gauge to use.

As appellant proceeded to his car, air tank in hand, he slipped and fell on ice in the parking lot. He broke his left leg. As a result of the injury, he was hospitalized for about one week and did not return to work for approximately four months.

The standard for "appellate review of a decision of the Commission is limited to a determination of whether the award is supported by competent and substantial evidence on the record as a whole." *Sample v. Monsanto Chemical Co.*, 664 S.W.2d 625, 626[1] (Mo.App.1984).

It is well settled that a liberal construction should be applied to the Workers' Compensation Law. The fundamental purpose of the law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class. Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783[2] (Mo. banc 1983).

■ In workers' compensation cases, recovery is allowed when an injury arises out of and in the course of employment. The sole issue on appeal is whether appellant's accident arose out of and in the course of employment. This is a question of law. *Garrett v. Industrial Commission*, 600 S.W.2d 516, 519[3] (Mo.App.1980). "The general rule is that an injury 'arises out of' the employment if it is a natural and reasonable incident thereof and it is 'in the course of employment' if the accident occurs within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment." *Automobile Club Inter-Insurance Exchange v. Bevel*, 663 S.W.2d 242, 245[4] (Mo. banc 1984).

■ In the first part of this two-part test, an injury arises "out of" the employment when there is a causal connection between the nature of the employee's duties or conditions under which he is required to perform them and the resulting injury. *Ford v. Bi-State Development Agency*, 677 S.W.2d 899, 901[3] (Mo.App. 1984).

■ In the instant case, appellant was injured on the parking lot while en route to perform a personal act during working hours. This fact, however, does not cause appellant's case to fail the first prong of the test. The Court of Appeals has previously held that an employee has sustained a compensable injury arising out of and in the course of employment where an employee's acts were reasonably incidental to commencement of employee's work and were also for the benefit of the employer. *Jones v. Bendix Corp.*, 407 S.W.2d 650, 653 (Mo.App.1966). Further, this court has held that "[t]he benefits derived by the employer need not be tangible nor great for the accident to be compensable." *Yaffe v. St. Louis Children's Hosp.*, 648 S.W.2d 549, 551 (Mo.App.1982).

In the present case, the evidence shows that appellant was allowed to use company tools for his own personal use on company premises. The company provided breaks and allowed employees to use company tools during this time which, to the company's benefit, encouraged employees to remain on company premises.

In *Finley v. St. Louis Smelting and Refining Co.*, 233 S.W.2d 725 (Mo. banc 1950), an employee was injured at a time other than while performing the work he was employed to do. The court found employee's injuries could be compensable if the activities at the time for the injury "had become incident to his employment." *Id.* at 726. In *Finley*, the employee was injured after his work shift ended while attempting to start his car to drive home. The court recognized that the employer probably maintained the parking lot for the mutual benefit of it and its employees, but pointed out that merely because an employee was injured on the parking lot during working hours would not necessarily result in a compensable act. The court stated,

"[c]ompensation to an injured employee would depend upon whether his activities should have been reasonably anticipated and expected by the employer and had become an incident to the employment." *Id.* at 727.

In the case before us, appellant was injured as a result of slipping on ice in the company maintained parking lot while en route to his car. Appellant was free to travel about the company premises during the work day as a function of his normal duties. On this occasion, appellant had advised a supervisor of his intent to go to the parking lot and attend to his car. The supervisor directed claimant to another department on company premises to secure the proper tool, an air tank, to remedy appellant's problem.

Appellant, therefore, has successfully hurdled the first obstacle, part one, of the two part test.

Under the second part of the test, "in the course of" employment, refers to time, place and circumstances under which the injuries are received. *Ford v. Bi-State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984). "To satisfy the requirement that the employee's injury occurred 'in the course of' her employment, it is only necessary to prove that the injury occurred within the period of employment at a place where the employee may reasonably be, while she is engaged in the furtherance of the employer's business, or in some activity incidental thereto." *Yaffe*, supra, 648 S.W.2d at 550[1]. Activities within reasonable limits of time and place, for the comfort or convenience of the employee, are considered incidental to employment because they benefit the employee and thereby indirectly benefit the employer. Therefore, injuries which occur during these incidental activities are held to have been in the course of the employment. See *Jones*, supra, 407 S.W.2d at 653.

Appellant advised a supervisor of his desire to attend to his vehicle on the parking lot and was told by the supervisor where the proper tool for doing so was located. It was reasonable to believe that appellant would then obtain the tool and proceed to his vehicle via the icy parking lot. As in *Jones*, supra, appellant's activity, i.e. departing for the parking lot could reasonably have been anticipated by the employer. Appellant's goal of putting air in his tire was a beneficial activity to himself. Therefore, in accordance with *Jones*, supra, this activity was of incidental benefit to the employer and in the course of appellant's employment.

Accordingly appellant has successfully hurdled the barrier of the second prong of the two-prong test as well. We conclude that the findings of the Commission are not supported by competent and substantial evidence on the whole and are contrary to the law.

The judgment of the Commission is reversed and the cause remanded to the Industrial Commission of the State of Missouri with directions to reinstate the award to appellant entered by the Administrative Law Judge in this matter.

CRANDALL, P.J., and PUDLOWSKI, J., concur.