**Mary R. JAMES, Respondent,**

v.

**CPI CORPORATION, and American Manufacturers Insurance Company, Appellants.**

No. 65804.

Missouri Court of Appeals, Eastern District, Division Two.

March 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1995.

Application to Transfer Denied May 30, 1995.

Jeffrey Estes, St. Louis, for appellants.

Burton A. Librach, St. Louis, for respondent.

WHITE, Judge.

CPI Corporation (employer) appeals from a decision by the Labor and Industrial Relations Commission (Commission) finding it did not have jurisdiction because employee, Mary James (claimant), did not sustain an injury arising out of and in the course of her employment. We reverse and remand.

For purposes of this appeal, the facts are undisputed. On April 9, 1991, claimant was struck by a pane of glass while entering employer's building where she worked as a legal secretary. Claimant had parked at a meter across the street from the building and left during an afternoon break to put money in the meter. As she returned to the building and approached the main entrance she was struck by a large pane of glass which fell from one of the windows. Claimant sustained injuries to her right arm, shoulder, leg, and hand.

Claimant filed a claim for compensation with the Division of Workers' Compensation on May 1, 1991 alleging she was injured in the course and scope of her employment. Employer filed an answer specifically admitting claimant was injured as alleged in her claim. Employer also stated compensation and medical benefits had been provided to claimant as required by law.[1] The only issues controverted by employer in its answer were claimant's average weekly wage, compensation rate, and extent of permanent disability.

In January, 1993, claimant filed an application for a hardship hearing with the Division of Workers' Compensation. In the application, she alleged she remained physically disabled from work, needed additional medical treatment, and employer/insurer had not provided temporary total disability (TTD) benefits since June 15, 1992. She requested employer/insurer be ordered to pay TTD benefits from June 15, 1992 and medical bills not previously paid. In the application, claimant also alleged an additional issue regarding whether her injury arose out of and in the course of her employment. On March 15, 1993, claimant filed a civil action in the Circuit Court of the City of St. Louis against employer and others.

On June 8, 1993, an Administrative Law Judge (ALJ) found claimant was not entitled to benefits under the Workers' Compensation Law because the accident did not arise out of and in the course of her employment. Thus, the ALJ concluded the Division of Workers' Compensation lacked jurisdiction over the controversy. Employer appealed to the Commission which affirmed the ALJ's decision. This appeal followed.

Employer raises five points on appeal. In point one, employer contends the Commission erred in ruling it did not have jurisdiction because claimant made an election of remedies. In its second point, employer alleges the Commission erred in allowing claimant to raise the issue of whether the injury arose out of and in the course of her employment. In points three and four, employer argues the Commission erred in allowing claimant to pursue both a civil cause of action and workers' compensation remedy without electing between the two theories and in spite of the fact claimant had already received workers' compensation benefits from employer. In its final point, employer argues the Commission erred in finding claimant's injury did not arise out of or in the course of her employment. The fifth point is dispositive. We reverse.

 The Workers' Compensation Law was intended to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment and, consequently, the law should be liberally construed so as to effectuate its purpose and humane design. *Bybee v. Ozark Airlines,* 706 S.W.2d 570, 572 (Mo. App.E.D.1986). The law is intended to extend its benefits to the largest possible class. *Id.*

 Whether claimant suffered an injury compensable under the Workers' Compensation Law depends upon whether the injury arose out of and in the course of her employ-

---

1. Employer and insurer paid temporary total disability benefits from April 9, 1991 through June 15, 1992 and medical expenses through the date of the hearing. The total amount paid by employer/insurer was approximately $46,000.

ment. This is a question of law. *Id.* "The general rule is that an injury 'arises out of' the employment if it is a natural and reasonable incident thereof and it is 'in the course of employment' if the accident occurs within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment." *Automobile Club Inter–Insurance Exchange v. Bevel,* 663 S.W.2d 242, 245 (Mo. banc 1984). An injury arises "out of" the employment when there is a causal connection between the nature of the employee's duties or conditions under which he is required to perform them and the resulting injury. *Ford v. Bi–State Development Agency,* 677 S.W.2d 899, 901 (Mo.App. E.D.1984).

■ In the instant case, claimant was injured on the sidewalk immediately in front of employer's building as she was returning from putting money in a parking meter during a scheduled afternoon break. This court has previously held "an employee has sustained a compensable injury arising out of and in the course of employment where an employee's acts were reasonably incidental to commencement of employee's work and were also for the benefit of the employer." *Bybee,* 706 S.W.2d at 572. Also, we have found the benefit to the employer need not be tangible nor great for an accident to be compensable. *Id.*

In *Bybee,* this court found an employee injured in a parking lot while en route to his car to put air in one of his tires was performing an activity beneficial and incidental to his employment and, thus, entitled to workers' compensation benefits. *Id.* We reasoned the company provided breaks and allowed employees to use company tools during these breaks which, to the company's benefit, encouraged employees to remain on company premises. *Id.*

Here, claimant was not provided parking by employer. As a result, she parked her car at a meter across the street from employer's building. Claimant's injury was caused by a window which fell from employer's building. Employer provided breaks and allowed employees to leave the premises during this time. Claimant used both her morning and her afternoon breaks to put money in the meter. This activity was of incidental benefit to employer because parking was necessary to claimant's employment. A causal connection existed between the conditions under which claimant was required to perform her duties and the resulting injury and, accordingly, claimant's injury arose "out of" her employment.

■ Regarding whether claimant's injury arose "in the course" of her employment, it must be determined if the injury occurred within the period of employment at a place where the employee may reasonably be, while she is engaged in the furtherance of the employer's business, or in some activity incidental to the employment. *Id.* at 573. "Activities within reasonable limits of time and place, for the comfort and convenience of the employee, are considered incidental to employment because they benefit the employee and thereby indirectly benefit the employer. Therefore, injuries which occur during these incidental activities are held to have been in the course of the employment." *Id.*

■ Although employer provided parking for some of its employees, claimant was not eligible for this privilege. Consequently, it was reasonable to believe claimant would find it necessary to park at one of the meters available across the street from employer's building. As in *Bybee,* claimant's activities, i.e. putting money in the meter during scheduled breaks, could have reasonably been anticipated by employer.

Claimant argues an employee injured while walking to work on a public sidewalk adjacent to employer's premises has not sustained an injury arising out of and in the course of employment. Claimant cites *Donzelot v. Park Drug Co.,* 239 S.W.2d 526 (Mo. App.1951) and *Kammeyer v. Board of Education,* 393 S.W.2d 122 (Mo.App.1965) in support of her argument. We find these cases distinguishable from the case at hand. In *Donzelot* and *Kammeyer* employees were injured while either coming to or leaving their place of employment. In *Donzelot,* employee had quit work for the day and, after exiting the building, slipped and fell on the icy sidewalk. *Donzelot,* 239 S.W.2d at 527. In *Kammeyer,* employee, an elementary school teacher, fell and sustained injuries while

walking from her automobile to the school to attend an "open house" meeting. *Kammeyer*, 393 S.W.2d at 123. The injury occurred before employee reached the school's premises. *Id.* at 130. Employee received no compensation for attending this meeting. *Id.* at 126. In the instant case, claimant was injured during a mid-afternoon break and, although the record is not entirely clear, apparently during time for which she was compensated. Contrary to *Donzelot* and *Kammeyer*, here claimant's activity was incidental to her employment. *Bybee*, 706 S.W.2d at 572. In both *Donzelot* and *Kammeyer* the respective employees were injured by objects outside of employer's control. The present case is unique, however, because claimant's injury was caused by a window which fell from employer's building. Accordingly, under the particular circumstances of this case, claimant's injury arose out of and in the course of her employment. *See Redden v. Dan Redden Co.*, 859 S.W.2d 207 (Mo.App. E.D.1993).

The decision of the Commission is reversed and the cause remanded for further proceedings.

SMITH, P.J., and CRANDALL, concur.