John A. CHAMBERS,
Employee/Respondent,

v.

SDX, INC.

and

Commercial Union Insurance, Co.,
Employer/Insurer/Appellants.

No. 71838.

Missouri Court of Appeals,
Eastern District,
Division Six.

July 15, 1997.

Susan M. Kelly, St. Louis, for employer/insurer/appellants.

B. Michael Korte, St. Louis, for employee/respondent.

Before REINHARD, P.J., and KAROHL and DOWD, JJ.

REINHARD, Presiding Judge.

Employer appeals the award of workers' compensation benefits to claimant by the Labor and Industrial Relations Commission (Commission). We affirm.

At the hearing for compensation, claimant testified that he was an over-the-road truck driver and had travelled to Texas, Louisiana, South Carolina, North Carolina, New Jersey, Oklahoma, and Georgia for employer. On August 13, 1993, claimant delivered a load of pasta to Pate–Dawson, a food distribution company in North Carolina, for employer. He arrived at 7:30 or 7:45 a.m. for his 8:00 a.m. appointment. After unloading the pasta, claimant drove to the main warehouse to pick up some pallets to return to Borden's in St. Louis as instructed by employer. The pallets could not be immediately loaded onto claimant's truck because another truck was being unloaded and only one forklift was operating. While waiting for his turn, claimant worked on his logbook and other paperwork. At 10:30 or 11:00 a.m., the driver of the truck being unloaded told claimant that he was going to McDonald's while the loading crew took a break. The driver asked claimant if he wanted anything from the restaurant. Claimant asked the driver to bring something for him because he had not eaten since refueling in Knoxville, Tennessee, at approximately 4:00 or 5:00 p.m. the previous evening. The other driver needed to unhook his trailer before driving to breakfast, but he "was in a bind ... [because] the trailer was on an angle and the tractor was level...." The situation required two people to unhitch the trailer, so claimant attempted to help the other driver. Claimant testified:

> I attempted to pull the release pin while he rocked the tractor, and I'm assuming that he just let his clutch out and the truck lurched. Before I could turn it loose, it pulled me forward with it and, you know, threw my feet down, threw me down and my feet was in front of the rear driver's side tandems, the two back wheels; and I guess he wasn't watching me in the mirror at that time because he kept going and at that time my foot was under there....

According to claimant, helping other drivers unhitch trailers was a custom in the trucking industry because "[y]ou're going to need help

somewhere so you help others." Claimant asserted that the owner of employer was aware of the custom.

Following the hearing, the administrative law judge (ALJ) determined that claimant's injury did not arise out of and in the course of employment and denied compensation. The Commission reversed the ALJ's decision and awarded workers' compensation benefits to claimant.

On appeal, employer contends the Commission's finding that claimant's injury arose out of and in the course of employment is not supported by substantial and competent evidence on the whole record.

■■■ In a workers' compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Kramer v. Bill's Marine, Ltd.,* 897 S.W.2d 213, 215 (Mo.App. E.D.1995). This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record. *Id.*

■■■ The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. *Brenneisen v. Leach's Standard Service Station,* 806 S.W.2d 443, 445 (Mo.App.1991). The law is to be liberally interpreted and is intended to extend its benefits to the largest possible class. *Id.* Any question as to the right of an employee to compensation must be resolved in favor of the injured employee. *Id.*

■■■ An injury arises out of employment if it is "a natural and reasonable incident" of the employment and has a causal connection with the duties or conditions of employment. *James v. CPI Corp.,* 897 S.W.2d 92, 95 (Mo. App. E.D.1995). An injury occurs during the course of employment if it happens during the period of employment at a place where the employee may reasonably be while fulfilling the duties of his employment. *Id.*

■■■ An injury is compensable when "it can be shown that employees of different employers have a custom of assisting each other when in difficulty." A. Larson and L. Larson, *The Law of Workmen's Compensation,* section 27.22(a), p. 5–373 (1996).[1] Claimant testified that truck drivers for different companies customarily helped one another unhitch trailers. According to claimant, the owner of employer was aware of the custom and had no rule prohibiting employees from assisting drivers from other companies. Claimant helped the other driver in accordance with industry custom while he was following employer's instructions by waiting for a load of pallets at a warehouse. Thus, his injury arose out of and in the course of employment.

Employer further contends that the Commission erred in reversing the ALJ's "findings on credibility" regarding claimant's testimony about customs within the trucking industry. The ALJ concluded that claimant did not have "enough experience to be able to testify as to whether it is a regular or customary practice in the trucking industry that drivers from different companies help each other in unhitching their tractors."[2]

■■■ It is the responsibility of the Commission upon review of the entire record to determine the credibility of the witnesses,

---

**1.** *See Greer v. Department of Liquor Control,* 592 S.W.2d 188, 192 (Mo.App.1979) (Death of liquor control agent while he was assisting a highway patrolman was compensable because "it was a custom and practice for liquor control agents to accompany and assist other law enforcement officers in their duties" and the agent's supervisors had encouraged and ordered the custom). *See also Julian v. Port Everglades Terminal Company,* 135 So.2d 423, 427 (Fla.1961) (Injury to a claimant while he was assisting an employee of another company which did business with claimant's

employer was compensable because "there was an established custom of lending a hand").

**2.** The ALJ also found that claimant's testimony concerning the other driver's offer to get him breakfast was not credible. In light of our finding that claimant was conforming with industry custom by helping the other driver unhitch his trailer, the evidence of the other driver's purpose for unhitching his trailer is irrelevant.

to decide the weight to be given to their testimony, to resolve conflicts therein, and to reach its own conclusion. *Schneider v. Ashburn/Schneider Painting*, 849 S.W.2d 271, 273 (Mo.App. E.D.1993). The Commission is not required to defer to the ALJ's determinations of credibility. *Blackwell v. Puritan–Bennett Corp.*, 901 S.W.2d 81, 86 (Mo.App. E.D.1995).

The Commission explained that its findings differed from the ALJ's findings because the ALJ had judged claimant's experience, rather than his credibility, regarding trucking industry custom. The Commission found: "Claimant was the sole witness at the hearing. We find his testimony on [trucking industry custom] to be credible." Claimant's testimony constituted substantial and competent evidence on the whole record to support the Commission's finding that claimant's injury arose out of and in the course of employment.

Judgment affirmed.

KAROHL and DOWD, JJ., concur.

